## CRUSOE v. STATE.   (2 Div. 266.)

(Court of Appeals of Alabama.   April 17, 1923.)

1. **Criminal law ⚖⧴478(1)—Skilled farmer, who had observed land, could testify as to probable yield.**

A witness who had testified that he had been a farmer for 40 years, and had had experience in growing cotton on all grades and varieties of land and under different conditions, and that he could from his experience tell with reasonable accuracy how much cotton a given piece of land would produce in certain years, and who was shown and had inspected certain land, could testify what in his opinion the probable yield of such land would be.

2. **Criminal law ⚖⧴1188—Where judgment does not determine time required to work out costs, cause will be remanded for correction of sentence.**

Where the judgment of conviction entered showed that the defendant was sentenced to perform hard labor "———— days to cover $————, the costs of the prosecution at the rate of 75 cents per day," without determining the time required to work out the costs under Code 1907, § 7635, the appellate court will affirm the judgment, except as to that part of it imposing additional hard labor to pay the costs of the prosecution, and will remand the case, to the end that the trial court may correct the judgment as to such matter.

Appeal from Circuit Court, Dallas County: S. F. Hobbs, Judge.

Robinson Crusoe was convicted of larceny, and he appeals. Affirmed in part; reversed and remanded for proper sentence.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

FOSTER, J.  Robinson Crusoe was indicted, tried, and convicted for the larceny of a quantity of seed cotton, and from a judgment of conviction has prosecuted an appeal to this court. It is unnecessary to recite the facts in this case, inasmuch as it is the opinion of the court that, notwithstanding some conflict in the testimony, the verdict was justified by the evidence.

[1] During the progress of the trial it became relevant to determine the probable annual yield of cotton on defendant's cotton land. On this point a witness for the state, Mr. Hillman, testified in substance that he had been a farmer for 40 years, had experience every year in growing cotton on all grades and varieties of land that we have in this country, and in all kinds of years, with boll weevil conditions, and without boll weevils, and that from his experience he could tell with reasonable accuracy how much cotton a given piece of land would produce in

certain years; that defendant had shown witness all the land he, defendant, had in cotton during that year (1921); that it was from 14 to 16 acres; that he walked over the land; that the cotton had been picked, and the burrs were still on the stalks; that he examined the land and the stalks in the field. After this qualification, counsel for the state asked this question, "How much cotton in your opinion did it make last year?" To this question defendant objected, first, because witness had not shown himself an expert; and, second, because it was not shown that witness had been shown all of the land cultivated by the defendant. The court overruled the objection and permitted the witness to answer. Mr. Dunnaway, also a witness for the state, was asked the same questions as were propounded to the witness Hillman. The same rulings were made by the court. Abstractly stated the question is:

"May one skilled in farming, who has had adequate opportunities for observation, be permitted to state the probable yield of a known tract of land?"

The case of Baker v. Cotney, 142 Ala. 566, 38 South. 131, is controlling on this question in this jurisdiction. In that case it is said:

"Plaintiff examined witness Ham, who testified upon cross-examination: 'I saw the land that was in cotton on the Allen place last year. I am a farmer, raised on the farm, have been cultivating cotton all my life.' Defendant's counsel then asked: 'How much did that land make per acre last year, from your best judgment, from the appearance of the stalks, and the number and size of the bolls?' The court sustained an objection to this question and then asked witness: 'Ham, do you know how much cotton it made?' Witness said: 'I do not.' Defendant then asked: 'In your best judgment, what did it make?' The court sustained an objection to this question. The court erred in sustaining the objection. The witness was an expert farmer, and could have given his opinion as to the amount of cotton produced on the land" —citing Pollock & Co. v. Gantt, 69 Ala. 373, 44 Am. Rep. 519.

This rule, appearing to be entirely consonant with reason and well established by the authorities, will be followed by this court. It is therefore decided that the court did not err in the instant case in permitting the introduction of the opinion evidence. See 22 Corpus Juris, p. 643, and the cases cited; Jones on Ev. (2d Ed.) § 382, p. 479, and the authorities cited.

[2] The judgment appealed from is faulty in failing to show that the court determined the time required to work out the costs at the rate of 75 cents per day; the judgment as entered showing that the defendant was sentenced to perform hard labor "———— days to cover, and $———— the costs of the prose-

cution, at the rate of 75 cents per day." Code 1907, § 7635; Freeman's Case, 151 Ala. 10, 44 South. 46; Linnehan's Case, 120 Ala. 293, 25 South. 6.

The result is that the judgment appealed from is affirmed, except as to that part of it imposing additional hard labor for the county to pay the costs of the prosecution, is reversed as to that part of it, and the cause is remanded, to the end that the trial court may correct its judgment in the matter of the sentence of defendant to perform hard labor to pay the costs of the prosecution.

Judgment of conviction affirmed; reversed and remanded for proper sentence.