(108 So. 635)
**MANDELL v. STATE.  (3 Div. 534.)**

(Court of Appeals of Alabama.  May 25, 1926.)

**1. Intoxicating liquors ☞226.**

It is immaterial in liquor prosecution as to who instructed state's witness to turn bottle of whisky alleged to have been purchased from defendant over to third party.

**2. Criminal law ☞730(1).**

Where trial judge on objection to solicitor's argument sustained objection and instructed jury as requested, no prejudice resulted thereby.

**3. Criminal law ☞1188—Where sentence does not determine time required to work out costs, case will be remanded for sentence (Code 1923, § 5291).**

Where defendant was sentenced to hard labor for 90 days, to pay the fine, and —— days at 75 cents per day to pay the costs, * * * without determining time required to work out the costs, under Code 1923, § 5291, case will be remanded for proper sentence.

Appeal from Circuit Court, Butler County; A. E. Gamble, Judge.

H. H., alias-Dock, Mandell was convicted of violating the prohibition laws, and he appeals. Affirmed.

The sentence of the court is as follows:

"October 8, 1925, failing to pay or confess a judgment for the fine and costs, defendant is formally sentenced to hard labor for the county for 90 days, to pay the fine, and —— days at 75 cents per day to pay the costs, and three (3) months as an additional punishment imposed by the court."

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Lane & Lane, of Greenville, for appellant.

The sentence of the court is defective, in that the amount of costs is not determined, and amount of time for working out the costs is not specified; the judgment should be reversed. Code 1923, § 5291; Crusoe v. State, 19 Ala. App. 203, 95 So. 918; Tuggle v. State, 19 Ala. 539, 98 So. 700. Counsel discuss other questions, but without citing additional authorities.

Harwell G. Davis, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., for the State.

The cause should be remanded for proper sentence, but the judgment of conviction should be affirmed. Crusoe v. State, 19 Ala. App. 203, 95 So. 918. The question of the effect of the argument of the solicitor is not presented. Gilbert v. State, 20 Ala. App. 565, 104 So. 45; Boyett v. State, 18 Ala. App. 363, 92 So. 515; Blevins v. State, 20 Ala. App. 229, 101 So. 478.

RICE, J. [1, 2] Appellant was convicted of the offense of selling whisky. We will not discuss the evidence. It was immaterial as to who, if anybody, instructed state's witness Talley to turn the bottle of whisky, alleged to have been purchased from defendant, over to Mr. Jones (whoever Mr. Jones was). The trial court seems to have done all it was invoked to do, with reference to the portion of the argument of the solicitor which was objected to, by sustaining the objection and instructing the jury that they were not to consider the statement made. Hence nothing is presented in that regard for our decision. Gilbert v. State, 20 Ala. App. 565, 104 So. 45.

We find no prejudicial error intervening during the trial, and the judgment of conviction is affirmed.

[3] The sentence imposed upon defendant was not in accordance with Code 1923, § 5291. Accordingly the case is remanded for proper sentence. Crusoe v. State, 19 Ala. App. 203, 95 So. 918.

Judgment of conviction affirmed.

Remanded for proper sentence.