The writ of certiorari was granted in this case to review an order of the Court of Criminal Appeals that granted the writ of mandamus compelling the Honorable Joseph D. Phelps to vacate his order granting the motion of petitioner Hunte for a change of venue to Mobile County from Montgomery County.
Petitioner Eyston Asquith Hunte, a practitioner of medicine in Mobile, Mobile County, Alabama, was indicted by the Montgomery County Grand Jury for violating § 22-1-11, Code 1975: Medicaid Fraud. The statute reads in pertinent part:
 "(a) Any person who, with intent to defraud or deceive, makes, or causes to be made or assists in the preparation of any false statement representation or omission of a material fact in any claim or application for any payment, regardless of amount, from the medicaid agency, knowing the same to be false; or with intent to defraud or deceive, makes, or causes to be made, or assists in the preparation of any false statement, representation or omission of a material fact in any claim or application for medical benefits from the medicaid agency, knowing the same to be false; shall be guilty of a felony and upon conviction thereof shall be fined not more than $10,000.00 or imprisoned for not less than one nor more than five years, or both."
The one count of the indictment before us reads:
 "The Grand Jury of Montgomery County, Alabama, charges that before the finding of this Indictment, Eyston A. Hunte, alias Dr. E.A. Hunte, whose identity is to the Grand Jury otherwise unknown, did with the intent to defraud or deceive, make or cause to be made or assist in the preparation of a false statement, knowing such to be false, in a claim or application for payment from the Medicaid Agency, the same being a request for payment bearing the date to wit: June 24, 1980 and bearing claim number to wit: 80184331070 a false statement, representation or omission of a material fact, to wit: that the pap smear laboratory test, a better description of which is unknown to the Grand Jury, for Medicaid recipient to wit: Vivian Steele was personally performed or rendered by or under the personal direction of said Eyston A. Hunte, on or about to wit: June 24, 1980 when in fact said laboratory test was not personally rendered by or under the personal direction of Eyston A. Hunte, M.D., in violation of Code of Alabama, 1975, Section 22-1-11 (a) and against the peace and dignity of the State of Alabama." (Emphasis added.)
The dispositive issue for review is whether, under the undisputed facts of this case, the offense proscribed by §22-1-11, Code 1975, was complete and took place wholly within Mobile County, thereby entitling Hunte, under the Constitution and laws of Alabama, to be tried in the county *Page 808 
in which the offense was allegedly committed? The answer is in the affirmative.
In analyzing the problem being addressed, we should first look to the statute proscribing the acts which gave rise to the indictment of petitioner:
 "(a) Any person who, with intent to defraud or deceive, makes, or causes to be made or assists in the preparation of any false statement, representation or omission of a material fact in any claim or application for any payment . . . from the medicaid agency, knowing the same to be false . . . shall be guilty of a felony. . . ." (Emphasis added.)
Too well settled to require citation of authority, is the rule of statutory construction that requires looking at the words of the statute to determine the intent of the Legislature. Abiding by that rule, we perceive nothing in the language of the statute evidencing that the offense therein proscribed required receipt by, or reliance upon the part of, the Medicaid Agency of the allegedly false claim in order that the offense be completed or consummated. Unlike the civil action for fraud and misrepresentation brought by the Medical Services Administration, sub nominee of the same, versus Dickerson at362 So.2d 906 (Ala. 1978), to recover funds allegedly improperly paid under the medicaid program, this case is a prosecution for a statutory offense requiring no reliance on any misrepresentations in order to finally approve payment to the supplier of services. Here the crime is complete, once one,with intent to defraud, makes or causes to be made or assistsin the preparation of any false statement, representation oromission of a material fact in any claim or application for anypayment. This is in marked contrast to the holding of this court in Dickerson:
 "[W]e construe the `thrust of the complaints' to be in tort for misrepresentation and fraud. Since the cost reports required by the Medical Services Administration and containing the alleged misrepresentations were mailed to its offices in Montgomery and since these cost reports were allegedly relied upon by the Administration in finally approving payments made to the nursing homes, we are of the opinion that Montgomery County is `the county in which the act or omission complained of may have been done or may have occurred.' . . ." (Emphasis added.)
362 So.2d at 909.
We find support for this construction of the subject statute, by analogy, to the statutory crimes of falsifying business records, § 13A-9-45, Code 1975, and forgery, § 13A-9-2 through -4. Section § 13A-9-45, reads:
 "(a) A person commits the crime of falsifying business records if, with intent to defraud, he:
 "(1) Makes or causes a false entry in the business records of an enterprise; or
 "(2) Alters, erases, obliterates, deletes, removes or destroys a true entry in the business records of an enterprise when he knows the retention or preservation of a true entry is required by law independent of this section; or
 "(3) Omits to make a true entry in the business records of an enterprise in violation of a duty to do so which he knows to be imposed upon him by law; or
 "(4) Prevents the making of a true entry or causes the omission thereof in the business records of an enterprise when he knows a true entry is required by law independent of this section."
We think it significant that the Commentary to this section states:
 "Such records as bills of lading, applications, reports, ledgers and warehouse receipts are examples of the broad coverage; however, government records are not included, being subsumed by § 13A-10-12. Even so, the aim of the Code is not to give protection to the records themselves. Note that the proposal begins: `A person commits the crime . . . if, with intent to defraud. . . .' Thus, its thrust is directed toward the prevention of contemplated frauds committed through the use of the records." *Page 809 
We think the more apt analogies found in the statutory crimes of forgery are stated in portions of § 13A-9-3:
 "(a) A person commits the crime of forgery in the second degree if, with intent to defraud, he falsely makes, completes or alters a written instrument which is or purports to be, or which is calculated to become or to represent if completed:
 "(1) A deed, will, codicil, contract, assignment or a check, draft, note or other commercial instrument which does or may evidence, create, transfer, terminate or otherwise affect a legal right, interest, obligation or status; or
 "(2) A public record, or an instrument filed or required or authorized by law to be filed in a public office or with a public employee; or
 "(3) A written instrument officially issued or created by a public office, public employees or government agency.",
and in § 13A-9-4:
 "(a) A person commits the crime of forgery in the third degree if, with intent to defraud, he falsely makes, completes or alters a written instrument."
We think the following a pertinent analogy to the offense here charged:
 "[F]orgery of an endorsement is complete as a crime when the endorsement having the capacity to defraud, is placed on the instrument without authority and with the intent to injure or defraud. `It is not necessary that any prejudice should in fact have happened by reason of the fraud. The capacity of the false and fraudulent writing to work injury, is the material question. If the writing has that capacity, the offense is committed.' . . ." Wyatt v. State, 257 Ala. 90, 57 So.2d 366 (1952).
It seems clear the statute under examination here is aimed at the prevention of contemplated frauds to be worked upon the Medicaid Agency, to paraphrase the Commentary regarding this statute.
Therefore, it follows that venue lies in Mobile County, the alleged offense having been fully completed or consummated there. Const. 1901, Art. I, § 6; § 15-2-2, Code 1975. The intent to defraud, if in fact there existed such an intent, was present at the moment the claim or application was completed requesting payment just as in the case of forgery or falsification of business records. The claim, application, or request for payment, if false and if intended to defraud, had the capacity to harm, injure, or defraud, when completed.
We think it would be helpful to address issues raised by the State, although not dispositive, that merit consideration. They are three in number but one of them is that disposed of above. The other two are:
"I
 "Whether the Alabama Court of Criminal Appeals can issue a writ of mandamus vacating a trial court order changing venue when the trial court was without authority under Code of Alabama 1975 § 15-2-20 to change venue.
". . .
"II
 "Whether the Alabama Supreme Court should not review a decision of the Alabama Court of Criminal Appeals on a writ of certiorari when Rule 39 A.R.A.P. has not been complied with."
 I
Regarding this issue it is necessary to look to the exhibits attached to the State's petition for the writ of mandamus filed in the Court of Criminal Appeals (attached as an appendix to this opinion).
As may be seen by scrutiny of Exhibit C, the State joined issue on the question of where the alleged crime occurred, was completed, or consummated. This was the dispositive issue as we noted earlier in this opinion. The authorities cited in the State's brief filed in the trial court would only be applicable if it be assumed the alleged crime was not completed or consummated in Mobile County. Again, in the State's motion for reconsideration, Exhibit E, it *Page 810 
appears the prime point was the place of consummation of the alleged offense and again the greater portion of the State's memorandum in support of its motion for reconsideration is devoted to that issue. Exhibit E.
As noted by petitioner in brief, the motion for change of venue was treated throughout the proceedings in the trial court upon the basis that the issue was the place of consummation of the alleged crime. The State says the motion should have been one to quash the indictment for lack of jurisdiction of the Montgomery Circuit Court and therefore the Montgomery County Grand Jury. Also, that the motion was filed after arraignment thus violating the time of filing requirement regarding motions to quash indictments.
We opine that the caption or title given petitioner's motion is not crucial and may be treated as either for a change of venue or to quash the indictment. In either case we deem it was properly granted by the trial court. See Union SpringsTelephone Co. v. Green, 285 Ala. 114, 229 So.2d 503 (1969). We see no error resulting from treating it as either. Apparently petitioner was willing to be tried on the indictment returned by the Montgomery County Grand Jury but has the right to be tried in Mobile County if the venue laws are to be fairly and justly applied and not applied so as to require him to bring all his witnesses and records a distance of almost two hundred miles from where he resides and where the alleged offense was consummated. To agree with the State's view of this matter would result in most everyone dealing with an agency of the State through the mails, in the manner the facts of this case show, being tried for alleged offenses not by a jury composed of residents of one's home county but rather by one composed of Montgomery County residents. On remand, we opine that the trial court may either reinstate its order or quash the indictment.
 II
The State contends that we are precluded from reviewing the order of the Court of Criminal Appeals because petitioner did not file a Rule 39 (k), ARAP, statement upon application for rehearing in that court. We need not deal with this contention except to state that the facts were not disputed in the trial court or in the appeals court and are before us in the respective petitions of the parties and the dispositive issue is one of law.
For the reasons assigned, the order of the Court of Criminal Appeals is reversed and the case remanded to that court for entry of order and judgment remanding the case to the Circuit Court for the latter court to either reinstate its order changing venue or to quash the indictment in this case.
REVERSED AND REMANDED.
FAULKNER, JONES, ALMON, SHORES, BEATTY and ADAMS, JJ., concur.
TORBERT, C.J., and MADDOX, J., dissent. *Page 811 
 APPENDIX EXHIBIT B STATE OF ALABAMA, * IN THE CIRCUIT COURT OF Plaintiff * MONTGOMERY COUNTY, VS. * ALABAMA EYSTON ASQUITH HUNTE, * Defendant * CASE NO. 81-1850
 NOTICE TO ASSISTANT ATTORNEY GENERAL OF MOTION FOR CHANGE OF VENUE TO HONORABLE MICHAEL HORSLEY, ASSISTANT ATTORNEY GENERAL, STATE OF ALABAMA, MONTGOMERY, ALABAMA ----------------------------------------------------------
Please take notice of the filing of the attached application for a change of venue on behalf of Eyston Asquith Hunte and that the same will be presented to the Honorable Joseph D. Phelps, Judge of the Circuit Court of Montgomery County, Alabama and that the request will be made that said motion be set for hearing immediately.
 /s/ Herndon Inge, Jr.
HERNDON INGE, JR. Attorney for Defendant
 STATE OF ALABAMA, * IN THE CIRCUIT COURT OF Plaintiff * MONTGOMERY COUNTY, VS. * ALABAMA EYSTON ASQUITH HUNTE, * Defendant * CASE NO. 81-1850
 APPLICATION FOR CHANGE OF VENUE
Comes the Defendant in the above styled cause and respectfully represents and shows unto the Court that heretofore the November, 1981 Grand Jury of Montgomery County, Alabama returned into this court an indictment against him charging him with fifty-five counts of making or causing to be made false statements on application for payment from the Medicaid Agency and that said indictment is now pending for trial in this court on January 28, 1982.
The Defendant would further show unto the Court that if any of said acts took place they took place at his office at 2168 St. Stephens Road, Mobile, Mobile County, Alabama, that he lives in Mobile County and has no connection whatsoever with Montgomery County, Alabama and under the 1975 Alabama Code Sections 15-2-2 and 15-2-6 that Mobile County, Alabama is the proper place where said charges should be tried.
The Defendant further shows unto the Court that he is a physician practicing in Mobile, Alabama, has a large number of patients dependent on him, has patients in the hospital who need his attention and if said trial was conducted in Montgomery County it would be an undue hardship on him and his patients if he has to go back and forth two hundred miles, obtain lawyers and make preparations for the trial.
The Defendant further shows unto the Court that he knows no one in Montgomery County, has only a casual acquaintance with said area having only passed through it on several occasions and that he is totally unknown there. *Page 812 
The Defendant further shows unto the Court that if said trial is held in Montgomery County it will necessitate that all witnesses for his defense including his employees, insurance clerks and medical assistants and all evidence, files, account sheets and patients' records will have to travel 200 miles each way to prepare for said trial and attend said trial that may last several days.
The Defendant further shows unto the Court that in defense of said case he would expect to use character witnesses, none of whom reside within 200 miles of Montgomery, Alabama or are known in Montgomery and that it would be impossible to get witnesses to go that far for the trial thereby depriving him of an adequate and fair trial.
The Defendant further shows the Court that an identical case for the same offenses alleged committed by a Mobile doctor has been transferred to Mobile for trial and it would be unjust and inequitable to require one doctor to go to Montgomery for trial of his case and the other to be tried in his home town.
The Defendant further shows to the Court that in order to have a fair and impartial trial it should be in the home town for the Defendant where he is known and where all of the witnesses reside and he can be tried by a jury of his peers.
The Defendant avers that he is not guilty of the charges made in this case and that a jury of his peers will so determine.
 /s/ Eyston Asquith Hunte
EYSTON ASQUITH HUNTE
STATE OF ALABAMA COUNTY OF MOBILE
Before me, the undersigned authority, personally appeared Eyston Asquith Hunte, who being first duly sworn, deposes and says that he has read the foregoing and the facts alleged therein are true and correct.
 /s/ Eyston Asquith Hunte
EYSTON ASQUITH HUNTE
Subscribed and sworn to before me this 11 day of January, 1982.
/s/ Herndon Inge, Jr.
NOTARY PUBLIC, MOBILE COUNTY, ALABAMA
 INGE, McMILLAN INGE Attorneys for Defendant By: /s/ Herndon Inge, Jr.
HERNDON INGE, JR.
 EXHIBIT C IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA STATE OF ALABAMA, ) )
VS. ) CRIMINAL ACTION NO. 81-1850-P )
EYSTON ASQUITH HUNTE )
 STATE'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR CHANGE OF VENUE
Comes now the State of Alabama in the above styled cause and files this Memorandum Brief in Opposition to Defendant's Motion for Change of Venue.
The defendant's motion for a change of venue presents two reasons for such change: (1) that the crime charged was committed exclusively in Mobile County and (2) that it would be a hardship on the defendant to bring witnesses to Montgomery County. These two issues are treated separately below for the sake of clarity.
The crime for which the defendant was indicted is, briefly stated, one of making a false statement in an application for payment from the Alabama Medicaid Agency. *Page 813 
The State would ask the Court to take judicial notice of the fact that Alacaid (the fiscal intermediary for processing claims) and the Alabama Medicaid Agency are located in Montgomery County.
Under § 15-2-6, Code of Alabama 1975, "When an offense is committed partly in one county and partly in another or the acts or effects thereof constituting or requisite to the consummation of the offense occur in two or more counties then venue is in either county." It is the State's contention that although the information contained in a claim or application for payment was filled out in Mobile County, it did not become an application for payment from the Medicaid Agency until demand is made on the Medicaid Agency for payment after the claim is processed by Alacaid. It is in Montgomery County that the checks are drawn for payment of the application. Also it is in Montgomery County where the claim is received. Part of the acts or effects thereof constituting or requisite to the consummation of the offense occurs in Montgomery County. If the defendant had not mailed or caused to be mailed an application or a claim to the Medicaid Agency, there would have been no application for payment to the Medicaid Agency, thus no crime under § 22-1-11, Code of Alabama 1975 would have occurred. Thus, the offense is committed partly in one county, in this case Mobile County where the application for payment is filled out, and partly in another, Montgomery County, where the application for payment is received and processed for payment. The case cited by the Defendant states that for § 15-2-6, Codeof Alabama 1975 to become operative the crime must:
 "consist of more than one act, each of which acts, or the effect of each must constitute an unlawful element of the offense, without the presence of which the offense could not be consummated."
DeGraffenried v. State, 28 Ala. App. 291, 182 So. 482 (1938). The State submits that until a claim is submitted to the Medicaid Agency for payment the offense could not be consummated.
In Seay v. State, 21 Ala. App. 404, 108 So. 620 (1926), the issue of venue was raised. The crime charged in that case was uttering a forged instrument by sending it in the mail. The forged instrument was sent from Barbour County to Pike County. The defendant attempted to raise the issue of venue claiming that the offense of uttering a forged document was committed if at all in Pike County where the endorsement was placed upon the document and not in Barbour County where the document was sent. The Alabama Supreme Court, however, under the facts of that case, held "However the evidence may be considered, it presents a crime begun in one county and consummated in another, thereby placing the venue in either county." Seay v. State, 21 Ala. App. 404,108 So. at 621. It is the State's position that the present case clearly falls within that holding as the crime made the basis of the indictment in this case was consummated only after the application for payment was mailed to and received by Medicaid here in Montgomery County.
The defendant's second reason for a change of venue is to the effect that the inconvenience of a trial in Montgomery would be so great as to render a fair and impartial trial here in Montgomery impossible.
On a motion for change of venue "the burden is on the defendant to show to the reasonable satisfaction of the court that impartial trial and an unbiased verdict cannot be reasonably expected." Flurry v. State, 289 So.2d 632, Godau v.State, 179 Ala. 27, 60 So. 908; Maund v. State, 254 Ala. 452,48 So.2d 553. Furthermore, "the mere belief of the party applying or his witnesses that a fair trial cannot be had is not enough to sustain an application for a change of venue."Flurry v. State, 289 So.2d at 636 quoting Lee v. State,246 Ala. 343, So.2d 471; Jackson v. State, 104 Ala. 1, 16 So. 523
(1894).
A review of appellate cases concerning a change of venue revealed that changes of venue should be granted only if local conditions are such that a fair and impartial trial cannot be had. Such conditions as excessive adverse publicity about the case or the *Page 814 
crime being of such heinous nature that community passions are aroused to such an extent that the defendant cannot get a fair and impartial trial warrant a change of venue and not inconvenience as to the defense. Neither of these two situations are present in this case. The crime is not of such a nature to have aroused the passions of Montgomery Countians to such a degree that Dr. Hunte, the defendant, could not receive a fair and impartial trial.
The defendant's second reason for requesting a change of venue, that it would be an undue hardship to bring witnesses to Montgomery County, amounts to a forum nonconveniens argument. However, the doctrine of forum nonconveniens does not apply to criminal cases. 20 Am.Jur.2d §§ 172-182. Furthermore, there is no Alabama statute allowing for a change of venue merely for the convenience of the defense.
In summary, the State contends that venue is proper in Montgomery County because part of the offense was committed here in Montgomery County and that there has been no showing in defendant's motion for change of venue that the defendant cannot receive a fair and impartial trial in Montgomery County.
Respectfully submitted,
 /s/ Charles A. Graddick
CHARLES A. GRADDICK ATTORNEY GENERAL
 /s/ J. Michael Horsley
J. MICHAEL HORSLEY ASSISTANT ATTORNEY GENERAL
 EXHIBIT E
 IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA STATE OF ALABAMA, ) )
VS. ) CRIMINAL ACTION NO. 81-1850-P )
EYSTON ASQUITH HUNTE )
 STATE'S MOTION FOR RECONSIDERATION
Comes now the State of Alabama by and through its counsel, the Alabama Attorney General and respectfully request that the Court reconsider its January 22, 1982 Order granting Defendant's Motion for a change of venue on the ground that:
 (1) An essential requisite to the consummation of the offense of which Defendant has been indicted occurred in Montgomery County, § 15-2-6, Code of Alabama, 1975, and
 (2) Defendant has failed to satisfy the requisites for change of venue, § 15-2-20, Code of Alabama, 1975.
Respectfully submitted,
 /s/ Charles A. Graddick CHARLES A. GRADDICK ATTORNEY GENERAL
 /s/ Robert S. Thompson ROBERT S. THOMPSON ASSISTANT ATTORNEY GENERAL *Page 815 
 EXHIBIT D
 IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA STATE OF ALABAMA ) )
V. ) CASE NO. CC-81-1850-P )
EYSTON ASQUITH HUNTE ) )
) )
) )
) )
) )
) )
 ORDER
This matter being presented to the Court upon the Motion FORCHANGE OF VENUE heretofore filed, and upon consideration of same, the Court finds that said Motion should be granted. It is, therefore,
ORDERED, ADJUDGED and DECREED that the Motion FOR CHANGE OFVENUE heretofore filed in this cause be and the same is hereby GRANTED.
DONE this the 22nd day of January, 1982.
 /s/ Joseph D. Phelps
CIRCUIT JUDGE
Mike Horsely Herndon Inge, Jr.
 MEMORANDUM IN SUPPORT OF STATE'S MOTION FOR RECONSIDERATION
The State respectfully requests that the Court reconsider its order changing venue because as a general rule, the right to a change of venue in criminal cases is provided by statute, and the extent and manner of its exercise is of legislative declaration. See Patterson v. State, 175 So. 371 (Ala. 1937); 22 CJS § 186 (where the venue of a criminal prosecution is fixed by statute, a court has no power to change venue unless it is authorized to do so by law, and it may act only on a proper showing and in strict conformity with the statute).
The only vehicle provided by the Alabama State legislature for changing venue is § 15-2-20 of the Alabama Code 1975. Thus:
 (a) Any person charged with an indictable offense may have his trial removed to another county, on making application to the court, setting forth specifically the reasons why he cannot have a fair and impartial trial in the county in which the indictment is found. The application must be sworn to by him and must be made as early as practicable before the trial, or it may be made after conviction upon a new trial being granted.
Consequently, the policy of our change of venue statute balances the inconvenience and administrative inefficiency of a change with the knowledge that certain crimes so arouse the public in a particular locality that a fair trial there is impossible. A study of the cases reveals that these crimes are invariably of a notorious or spectacular nature, involving violence to the person, *Page 816 
specifically murder and rape. See Gillard v. State,277 So.2d 901 (Ala. 1973).
The defendant has failed to provide this Court with the proper predicate for change of venue. Indeed, defendant himself admits in his motion that he does "not contend that Dr. Hunte cannot receive a fair and impartial trial."
Therefore, unless and until the requisites of § 15-2-20 are satisfied the Court is without basis to order a change of venue.
 The offense was committed partly in Mobile County and partly in Montgomery County
Although the issue regarding the place in which the offense was committed has been adequately briefed in the State's Opposition Motion, it is worth restating.
The Defendant was indicted by the November 1981 session of the Montgomery County Grand Jury for violating § 22-1-11 of the Alabama Code which in relevant part makes it unlawful for:
 (1) Any person who, with intent to defraud or deceive, and
(2) Makes or causes to be made,
 (3) Any false statement representation of omission of a material fact in,
 (4) Any claim or application for any payment from the Medicaid Agency.
In the instant case, Defendant presented fraudulent claims to the State Medicaid Agency for the purpose of receiving payment from the Agency. The Agency is located in Montgomery County. Although the false statements contained in the claim form were apparently made by Defendant while in his office, which is located in Mobile County, the crime for which he was indicted was not consummated until the claim for payment from the Medicaid Agency was received and accepted as a viable claim in Montgomery County.
The State accepts Defendant's proposition that the State Constitution guarantees the accused a right to a trial in the county or district in which the offense was committed. This right is satisfied when part of the acts constituting the crime are committed in the county in which the indictment is returned. Williams v. State, 383 So.2d 547, 555 (Ala.Crim.App. 1979). Moreover "when an offense is committed partly in one county and partly in another or the acts or effects thereof constituting or requisite to the consummation of the offense occur in two or more counties, venue is in either county" §15-2-6, Code of Alabama, 1975.
The Alabama Supreme Court has interpreted the phrase, "or requisite to the consummation of the offense" to mean those acts necessary for the completion of the offense or for the achievement of the unlawful purpose. See William v. State,383 So.2d 564, 566 (Ala. 1980). Consequently, venue is proper in Montgomery County if any acts were done in Montgomery County which were requisite to the achievement or end of committing Medicaid fraud.
It hardly seems arguable that there were acts done in Montgomery County which were requisite to the achievement or consummation of the offense. Obviously the act of making false representation in the claim form, in and of itself, does not constitute Medicaid fraud. For instance, had Defendant merely made out the claim form with an intent to defraud the Agency, but never presented such claim forms for payment from the Agency, the crime of Medicaid fraud would not be complete, since payment from the Agency had not been requested. Until such request was made, the Agency would not and could process the claim to determine if payment was proper.
Logic dictates that if the claim form is never received for processing by the Agency here in Montgomery, there has been no "application for any payment from the Medicaid Agency."
To hold otherwise is to say that the crime of Medicaid fraud was consummated at the time the forms were made out in Mobile, whether or not such claims were ever submitted to the agency for processing and payment. *Page 817 
For this reason and in accord with Williams v. State,383 So.2d 564 (Ala. 1980), § 15-2-6 is applicable here. That is, a part of the crime was committed in Mobile County (intent to defraud, making out the claim form) and that part necessary for the achievement of this unlawful purpose or consummation of the offense was committed in Montgomery County.
The Court should note that § 15-2-6 is not a basis upon which to change venue, but extends the jurisdictional reach of the Court. See § 15-2-6 (notes).
Given the factual situation of this case, the State respectfully requests that the Court find that:
 (1) Defendant presented inadequate grounds upon which to base a change of venue, and
 (2) Part of the crime for which defendant was indicted was committed in Montgomery County.
Respectfully submitted,
/s/ Charles A. Graddick
 CHARLES A. GRADDICK ATTORNEY GENERAL
/s/ Robert S. Thompson
ROBERT S. THOMPSON
 ASSISTANT ATTORNEY GENERAL
 EXHIBIT F
 IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA
STATE OF ALABAMA, ) )
PLAINTIFF ) )
V. ) CASE NO. CC-81-1850-P )
EYSTON ASQUITH HUNTE, ) )
DEFENDANT. ) O R D E R
This case is presented to the Court upon the State's Motion for Reconsideration of the Court's order granting Defendant's motion for change of venue, and upon consideration of same the Court grants the State's Motion to reconsider, and upon reconsideration the Court affirms its prior Order of January 22, 1982 removing the case to Mobile, Alabama.
DONE this the 9th day of February, 1982.
 /s/ Joseph D. Phelps
CIRCUIT JUDGE
Robert S. Thompson Herndon Inge, Jr. *Page 818 
 THE STATE OF ALABAMA _ _ _ JUDICIAL DEPARTMENT THE ALABAMA COURT OF CRIMINAL APPEALS
3 Div. 544
 Ex parte State of Alabama, ex rel. Charles A. Graddick, as Attorney General of Alabama
 In re: State of Alabama v. Eyston Asquith Hunte
PETITION FOR WRIT OF MANDAMUS
Montgomery Circuit Court
IT IS ORDERED that answer by respondents and briefs by all parties be filed in the Court of Criminal Appeals by April 12, 1982, should the parties desire to file such answer and briefs.
IT IS FURTHER ORDERED that if oral argument is desired, this Court shall be notified immediately, so that argument may be set in this Court. Tyson, DeCarlo, Bowen, and Barron, JJ., concur. Harris, P.J., who would deny this petition, dissents.
 WITNESS, Mollie Jordan, Clerk of the Court of Criminal Appeals, this 5th day of April, 1982.
 /s/ Mollie Jordan
CLERK, COURT OF CRIMINAL APPEALS OF ALABAMA
 THE STATE OF ALABAMA _ _ _ JUDICIAL DEPARTMENT THE ALABAMA COURT OF CRIMINAL APPEALS
3 Div. 544
 Ex parte State of Alabama, ex rel. Charles A. Graddick, as Attorney General of Alabama
 In re: State of Alabama v. Eyston Asquith Hunte
PETITION FOR WRIT OF MANDAMUS
Montgomery Circuit Court
Number CC-81-1850-P
TO THE HONORABLE JOSEPH D. PHELPS, AS JUDGE OF THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA, GREETINGS:
You are hereby notified that the Court of Criminal Appeals on April 20, 1982, did make and enter the following order in the above-styled cause:
 "Come the petitioners and file in this Court a petition for Writ of Mandamus to be directed to the Honorable Joseph D. Phelps, as Judge aforesaid, commanding and requiring him to rescind and hold for naught his order of January 22, 1982, granting the defendant's motion for change of venue transferring State of Alabama v. Eyston Asquith Hunte from Montgomery Circuit Court to Mobile Circuit Court."
NOW, THEN, in pursuance of the foregoing order, the peremptory Writ of Mandamus hereby issues to the Honorable Joseph D. Phelps, as Judge of the Circuit Court of Montgomery County, Alabama, commanding and requiring him to rescind and hold for naught his order of January 22, 1982, granting the defendant's motion for change of venue transferring State of Alabama v. Eyston Asquith Hunte from Montgomery Circuit Court to Mobile Circuit Court. Tyson, DeCarlo, Bowen, and Barron, JJ., concur. Harris, P.J., dissents. *Page 819 
 WITNESS, Mollie Jordan, Clerk of the Court of Criminal Appeals, this 20th day of April, 1982.
 /s/ Mollie Jordan
CLERK, COURT OF CRIMINAL APPEALS OF ALABAMA