TORBERT, Chief Justice
(dissenting).
Defendant M. Judd Williams was indicted for theft by deception in the first degree by the grand jury of Montgomery County. Defendant’s motion to dismiss the indictment for lack of jurisdiction and venue in the Circuit Court of Montgomery County was denied. Defendant then filed a petition for writ of mandamus, or in the alternative, for writ of prohibition with the Court of Criminal Appeals. The Court of Criminal Appeals granted the writ of mandamus and ordered Judge Gordon of the Montgomery County Circuit Court to either transfer venue to the Autauga County Circuit Court or to quash the indictment. The State petitioned for a writ of certiorari, *254 which we granted in order to review the Court of Criminal Appeals’ application of our recent decision in Ex parte Hunte, 436 So.2d 806 (Ala.1983), to the law and facts in this case.
Defendant insured a boat and trailer with Capitol Fire and Marine Insurance Company. Capitol has its sole office in Montgomery and sells insurance through independent agents. Defendant was sold his policy on the boat and trailer through the Newton Insurance Agency in Autauga County, an independent agent for Capitol. Defendant is a resident of Autauga County. Shortly after the coverage took effect, the defendant reported to Newton that the boat and trailer had been stolen. After Williams filled out a “property loss notice” at his agent’s office, the agent forwarded the claim to Capitol’s office in Montgomery. Capitol assigned an adjuster to investigate the claim. Although the facts are somewhat incomplete in describing the entire claims handling process, it is clear that the decision to pay was made by personnel in Capitol’s Montgomery office after receiving certain forms from the defendant.
Subsequent to the defendant’s receiving payment on his claim, sufficient evidence developed to indicate that defendant never owned the boat and trailer described in the insurance policy and for which he submitted a theft claim. Defendant was indicted for theft by deception in the first degree.
Code 1975, § 15-2-6, which designates the county where venue is proper, reads as follows:
“When an offense is committed partly in one county and partly in another or the acts or effects thereof constituting or requisite to the consummation of the offense occur in two or more counties, venue is in either county.”
Theft by deception in the first degree is defined in Code 1975, § 13A-8-2, which reads as follows:
“A person commits the crime of theft of property if he:
“(1) Knowingly obtains or exerts unauthorized control over the property of another, with intent to deprive the owner of his property; or
“(2) Knowingly obtains by deception control over the property of another, with intent to deprive the owner of his property.”
The issue on appeal is whether the defendant committed some part of the offense of theft by deception in the first degree in Montgomery County so that venue was proper in Montgomery County.
Defendant, and apparently the Court of Criminal Appeals, placed great reliance on ■our recent decision in Ex parte Hunte, 436 So.2d 806 (Ala.1983). The essential holding in Hunte was that there was “nothing in the language of the statute evidencing that the offense therein proscribed required receipt by, or reliance upon the part of, the Medicaid Agency of the allegedly false claim in order that the offense be completed or consummated.” (Emphasis added.) 436 So.2d at 808. The statute under which the defendant here is charged is not the same as the statute involved in Hunte.[1]
Under § 13A-8-2(2) the defendant must knowingly obtain by deception the property of another. Code 1975, § 13A-8-l(l), states that “[deception occurs when a person knowingly ... [cjreates or confirms another’s impression which is false and which the defendant does not believe to be true.... ” The statute under consideration *255 here, unlike that in Hunte, requires that the defendant’s actions must have an effect on the victim.[2] A victim cannot be deceived by someone if he has not been influenced by the perpetrator’s action or inaction. In other words, the victim must have relied on the perpetrator’s acts, so as to “create or confirm” an impression in the victim’s mind.
It is undisputed that the defendant completed various forms which were necessary to make a claim for payment under his policy. These forms were eventually received by the adjuster in Capitol’s office in Montgomery County, where the decision to pay the claim was ultimately made. The reliance by the victim, Capitol, took place in Montgomery County when it accepted the defendant’s statements as true and issued a check to pay the claim. Because the act or effect of an act requisite to the consummation of theft by deception occurred in Montgomery County, venue was proper in Montgomery County. Venue was also proper in Autauga County, because some of the acts requisite to the consummation of the crime occurred in Autauga County. Under § 15-2-6 the defendant could have been tried in either county. See also, Williams v. State, 383 So.2d 547 (Ala.Cr.App. 1979), affirmed, 383 So.2d 564 (Ala.1980).
The trial court refused to transfer the case from Montgomery County to Autauga County. Defendant then sought to compel the transfer by seeking a writ of mandamus from the Court of Criminal Appeals. Mandamus is a proper remedy only when the “judgment or discretion of the lower court has been abused and exercised in an arbitrary and capricious manner.” Ex parte Wilson, 408 So.2d 94, 96 (Ala.1981). The writ of mandamus is not granted unless there is a clear showing of error in the trial court to the injury of the petitioner. Ex parte Slade, 382 So.2d 1127 (Ala.1980). None of the prerequisites for obtaining relief by writ of mandamus appear here. Therefore, I believe it was error for the Court of Criminal Appeals to grant the writ.
Defendant also maintains that a holding that venue is proper in Montgomery County would deprive the accused of a fair and impartial trial. However, that issue is not properly before us. The defendant did not make application with supporting affidavits for change of venue to the trial court, as required by § 15-2-20. He did mention in his petition for writ of mandamus that venue should be changed because of § 15-2-20, but since the trial court never had that issue before it, the trial court could not have abused its discretion with regard to that issue.
MADDOX and BEATTY, JJ., concur.

. The statute involved in Hunte was Code 1975, § 22-1-11(a), which provides:
"Any person who, with intent to defraud or deceive, makes, or causes to be made or assists in the preparation of any false statement representation or omission of a material fact in any claim or application for any payment, regardless of amount, from the medicaid agency, knowing the same to be false; or with intent to defraud or deceive, makes, or causes to be made, or assists in the preparation of any false statement, representation or omission of a material fact in any claim or application for medical benefits from the medicaid agency, knowing the same to be false; shall be guilty of a felony and upon conviction thereof shall be fined not more than $10,-000.00 or imprisoned for not less than one nor more than five years, or both.”

. “The purpose of § 13A-8-2 is to create a unified theft offense which eradicates the common law distinctions between the crimes of larceny, embezzlement and false pretenses.” Committee Comments, Code 1975, §§ 13A-8-2 through 13A-8-5. Reliance was an element of both the offense of larceny by trick, cf., St. Paul Fire & Marine Ins. Co. v. Veal, 377 So.2d 962 (Ala. 1979), and false pretenses, Graham v. State, 346 So.2d 471 (Ala.Cr.App. 1977).