No. 17,037.

FAGERSTONE *v.* THE PEOPLE.
(259 P. [2d] 274)

Decided July 6, 1953.

Mr. GERALD A. KAY, for plaintiff in error.

Mr. Duke W. Dunbar, Attorney General, Mr. H. Lawrence Hinkley, Deputy, Mr. Norman H. Comstock, Assistant, for the people.

*En Banc.*

Mr. Justice Knauss delivered the opinion of the court.

To a unique, duplicitous and inartistically drawn mother hubbard information labeled "conspiracy," plaintiff in error, to whom we hereinafter refer as defendant, entered a plea of not guilty. The jury found him "guilty as charged in the information." A new trial having been denied, judgment was entered and sentence imposed. Defendant brings the case here by writ of error.

Several points are assigned for reversal, but as the judgment must be reversed, we shall note only two, notwithstanding the record is replete with other errors to the prejudice of defendant. What the district attorney evidently intended to charge was a conspiracy between this defendant and two other young men, named Jones and O'Brien, to commit armed robbery against any member of the public. The information under which this seventeen-year-old defendant was tried, concludes as follows: "And the said defendant when he was to rob the said unknown person aforesaid was to be then and there armed with a dangerous weapon, to-wit, a gun, with intention, if resisted, to main [maim], wound and kill the said unknown person."

The charge against defendant apparently grew out of the fact that a super-market was burglarized by Jones and O'Brien, who, together with defendant, were originally charged and convicted under a separate information of burglary, larceny and aggravated robbery, all relating to the super-market burglary. The then district attorney dismissed that action as to defendant in the instant case, and filed the separate information under which defendant was convicted.

It is admitted that defendant did not rob any person known or unknown, and the evidence expressly negatives any such intention on his part, or any agreement or conspiracy so to do. The record is equally silent as to any intention on defendant's part to carry a "gun with intention, if resisted, to main [maim], wound and kill the said unknown person," as charged in the information.

The most that can be said of the evidence introduced is that the actual participants in the burglary talked to defendant about some "robbery" they might commit; they testified that defendant stated he did not want to participate, and that defendant's alleged co-conspirators, referred to defendant as "chicken" and "cold feet," because he told them if they perpetrated a crime they would be apprehended.

To constitute conspiracy, there must be a real agreement, combination or confederation between alleged conspirators with a common design; mere passive cognizance of the crime to be committed or mere negative acquiescence is not sufficient. *LaVielle v. People,* 113 Colo. 277, 157 P. (2d) 621.

A very careful review of the record fails to disclose anything more than that the other two men broke and entered the market and apparently thereby secured a certain amount of cash. The testimony is not too clear on this point. Suffice it to say that defendant was not present when the burglary was committed, neither was any attempt made to show that he received or was to receive, any part of the property realized from the burglary; in fact the real perpetrators of the crime gave evidence which absolved defendant of any complicity in the crime actually committed, or the alleged conspiracy attempted to be set forth in the information. We must, and do, hold that the people failed to prove a case against defendant.

The Attorney General commendably states in his brief that there is no real controversy as to the law. He says "the problem arises in applying the facts." The facts

adduced here did not justify the submission of the case to the jury.

There is nothing whatever in the record indicating where, if at all, the defendant entered into the alleged conspiracy. It was incumbent upon the District Attorney to prove the venue as laid in the information, and having failed to do so the trial court erred in denying the motion of defendant's counsel for a directed verdict.

For the reasons above indicated, the judgment is reversed and the cause remanded with direction to the trial court to discharge the defendant.