No. 22360.

ROBERT FREDDIE CLAXTON v. THE PEOPLE OF THE STATE OF COLORADO.
(434 P.2d 407)

Decided December 4, 1967.

BERNARD P. O'KANE, THOMAS J. ZAVISLAN, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, JOHN P. MOORE, Assistant, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE PRINGLE.

A JURY found Robert Freddie Claxton (hereinafter called Claxton or defendant) guilty of kidnaping and assault with intent to commit rape. He was sentenced to the State Penitentiary for three to four years on each count, the sentences to run concurrently.

An information filed July 23, 1965, charged Claxton and one Leonard Lewis LaMaster with two counts of kidnaping and one count of assault with intent to commit rape. Claxton's motion for severance was granted and his jury trial set for a date prior to La-Master's.

Defendant and the complaining witness, Shirley Sigloch, gave conflicting accounts of the events which formed the basis of these charges. According to Mrs. Sigloch, she was approached by the defendant and LaMaster about 11 p.m. on July 19, 1965, in the parking lot of the Plainview Inn in Denver. She was waiting for a bus, her escort having left her there about an hour earlier. Defendant offered her a ride home, which she twice refused, but later accepted. Before they reached

the car, she changed her mind again, but defendant shoved her into the car and climbed in himself. All three were in the front seat, with LaMaster driving. Mrs. Sigloch testified that during the entire trip defendant beat her continuously with his fists, tore off part of her clothes and made threats to rape her. Finally, Claxton and LaMaster let her out on a deserted road and she walked until she found a house. On cross-examination, Mrs. Sigloch testified she was separated from her husband and that the man who had left her at the Plainview Inn was someone she had met earlier in the evening and whose name she did not remember.

The defendant's version was that after an evening of heavy drinking at various night spots, he and LaMaster went to the Plainview Inn at about midnight; that Mrs. Sigloch, who was also quite drunk, freely accepted their offer of a ride; that he tried to kiss her and "she seemed to go just hysterical or something" and bit his finger, then he slapped her; that she tried to grab the steering wheel and LaMaster "knocked her back with his elbow, and then he hit her." Shortly thereafter, defendant said he passed out and he remembered very little more of the evening.

Defendant makes nine assignments of error, which can be summarized as follows:

1. Denial of his motion for a verdict of acquittal.

2. Denial of his pre-trial motion for continuance.

3. Admission into evidence of certain photographs and articles of clothing.

4. The manner of identification of LaMaster by the complaining witness.

5. Refusal of his tendered instruction on drunkenness and the giving of the court's Instruction No. 12.

6. Failure to submit to the jury two forms of verdict on kidnaping.

For the reasons set forth below, we find no error in

the conduct of this trial, and affirm the judgment entered on the jury's verdict.

## I.

Defendant contends that the trial court erred in denying his motion for a verdict of acquittal because (1) the People failed to prove venue for either crime in Jefferson County, and (2) there was no "credible testimony" to support the verdict, as to either kidnaping or assault with intent to commit rape.

On the first issue raised, this Court has held that the burden is on the People to prove venue. *Tate v. People,* 125 Colo. 527, 247 P.2d 665. But where, as here, the defendant offers no evidence on venue, and tenders no instruction, slight evidence is sufficient, and such evidence may be circumstantial. *Abeyta v. People,* 134 Colo. 441, 305 P.2d 1063; *Dustin v. People,* 116 Colo. 433, 181 P.2d 457. Venue in a kidnaping case may be "either in the county in which the offense was committed or in any county through which the person kidnaped was taken or kept while under confinement or restraint." C.R.S. 1963, 40-2-47. Generally, venue in a criminal case lies in the county where the offense was committed. Colo. Const. art. 2, § 16.

Neither the defendant nor the complaining witness professed to know what route was taken on the night in question, or how long the trip lasted. Both agreed it started at the Plainview Inn, in Denver, and that Mrs. Sigloch was released in an unpopulated area. Mrs. Sigloch testified that the beatings continued until the moment of her release; that after her release, she walked an unknown distance barefoot on a gravel road, until she found a house. Mr. and Mrs. Brauch, whose house it was, both testified she arrived at 1:15 a.m. The Brauch home is in Jefferson County, and there is testimony in the record, from Mr. Brauch and others, as to the distance from the Brauch home to the Jefferson County line. The defendant offered no evidence at all concerning venue, nor has he contended that he

was prejudiced by the fact that the trial was held in Jefferson County. Since there was evidence from which the jury could properly infer that the crimes charged were committed in Jefferson County, the trial court correctly denied defendant's motion for a verdict of acquittal on this ground.

■■ The court also correctly ruled in denying defendant's motion based on the insufficiency of the evidence. Defendant's counsel has couched his argument here in terms of the lack of "credible testimony" to support the verdict. But the credibility of the testimony given by the complaining witness was for the jury to determine. *Raullerson v. People*, 157 Colo. 462, 404 P.2d 149; *McClenny v. People*, 155 Colo. 202, 393 P.2d 736, *cert. denied*, 379 U.S. 967. If the jury believed that testimony, as it evidently did, then there was sufficient evidence to support the guilty verdict.

## II.

■ Six days before the trial, defendant moved for a continuance on the ground that he had been unable to locate and interview the complaining witness. He now contends that the trial court's denial of his motion was an abuse of discretion and deprived him of the opportunity of adequately preparing his defense. We do not agree.

The information shows Mrs. Sigloch's address as the Y.W.C.A., 125 E. 18th Street [Av.], Denver, Colorado. Her testimony was that she left Denver for her father's home in St. Louis, Missouri, immediately after her release from the hospital, and that she remained there, or in Buckner, Missouri, until the time of the trial. Defendant's counsel states that he attempted unsuccessfully to contact the witness at the St. Louis address, but he admits no attempt was made to bring her into the state for the purpose of taking her deposition under C.R.S. 1963, 39-6-3 and 39-6-10. Nor is there anything in the record to indicate that he made any demand on

the district attorney before the trial to disclose the whereabouts of this witness.

■ The granting of a motion for continuance lies within the sound discretion of the trial court. *Raullerson v. People,* 157 Colo. 462, 404 P.2d 149; *Baca v. People,* 139 Colo. 111, 336 P.2d 712. Defendant says that if he had been able to interview Mrs. Sigloch before trial, he might have been able to try to locate the unidentified man who was her escort earlier in the evening, and that this witness, if found, may have been able to cast doubt on Mrs. Sigloch's credibility. Such assumptions are, indeed, highly speculative and certainly did not require the trial court to grant a continuance. Moreover, this was not the only means open to defendant to impeach the complaining witness. He had ample apportunity to question the employees and customers of the Plainview Inn for the same purpose, yet no such persons were offered as witnesses. In the circumstances, we cannot say that the court's denial of defendant's motion for a continuance was an abuse of discretion, or that defendant was unduly prejudiced thereby.

### III.

Defendant next objects to the introduction into evidence of the following People's exhibits: A and B, the brassiere and dress worn by Mrs. Sigloch; C and D the pants and shirt worn by the defendant; H and I, photographs of Mrs. Sigloch taken at the hospital; J, K and L, photographs of the defendant taken in the sheriff's office.

Defendant argues that the clothing was not properly identified, that it was not relevant or material to any issue in the case and that the sole purpose of its introduction was to "inflame the minds of the jurors and to prejudice them against the appellant."

■ Mrs. Sigloch testified that the clothing looked like that which she wore on the night in question. Such identification is sufficient. *Bustos v. People,* 158 Colo. 451, 408 P.2d 64; *Ciccarelli v. People,* 147 Colo. 413, 364 P.2d 368. Nor is it necessary to establish a chain

of custody in order to lay a proper foundation for admission, if identity and condition can be established by a witness. *Washington v. People,* 158 Colo. 115, 405 P.2d 735, *cert. denied,* 383 U.S. 953. The blood-stained clothing was admissible to corroborate Mrs. Sigloch's testimony concerning the force used by the defendant, and the defendant's admission that his victim did bleed as a result of his actions did not thereupon give him the right to demand the exclusion of the clothing from evidence.

As to his own clothing, Claxton raises the additional argument that it was inadmissible because he contends that it was taken by an illegal search and seizure. Unfortunately, the objections of counsel to the admission of these items and the proceedings in the *in camera* hearing on their admissibility do not appear in the record. The only evidence in the record dealing with this matter is the uncontradicted testimony of the police officer that the defendant gave him his clothes voluntarily and without any coercion. The record, therefore, requires rejection of the defendant's position with regard to the admissibility into evidence of his clothing.

Defendant also objected to the admission of the photographs of Mrs. Sigloch and himself on the grounds that they were cumulative, not probative and highly prejudicial. The photographs of Mrs. Sigloch showed the extent of the injuries to her face. Those of the defendant showed the scratches and other injuries about his hands. That there was testimony in the record concerning these injuries does not render the photographs inadmissible. The fact that evidence is cumulative is not, per se, grounds for its rejection. *Potts v. People,* 114 Colo. 253, 158 P.2d 739. As this Court stated in *People v. Spinuzzi,* 149 Colo. 391, 398, 369 P.2d 427, 431: "* * * It has been consistently held in this jurisdiction that photographs are competent evidence of anything which it is competent for a witness to describe in words. They are not inadmissible merely because they

bring vividly to the jurors the details of a shocking crime or could arouse passion or prejudice."

Concerning his own photographs, defendant makes the further argument that these were prejudicial because they showed him in "prison garb." He cites *Eaddy v. People,* 115 Colo. 488, 174 P.2d 717, in which it was held to be error for defendant to appear throughout the trial in clothing conspicuously marked "County Jail." No such label appears in the photographs here. In fact, the clothing worn by the defendant here is so far from being obvious "prison garb" that defendant did not object to the photographs on this ground until this writ of error. We do not believe their impact on the jury would have been such as to warrant their exclusion from evidence for this reason.

## IV.

Defendant objects to the manner in which the co-defendant, LaMaster, was brought into the courtroom during Mrs. Sigloch's testimony for identification purposes. LaMaster had been endorsed as a witness, but at the time of this trial, he was still charged with the same offenses as Claxton, his trial having been set for a later date. In *DeGesualdo v. People,* 147 Colo. 426, 364 P.2d 374, we held it to be error for the district attorney to call a co-defendant to the stand for the purpose of extracting from him a refusal to testify on fifth amendment grounds of self-incrimination. In view of this, the procedure followed here appears to have been the only means left open to the district attorney for establishing the identity of the second man in the case, and we do not believe Claxton was prejudiced thereby.

## V.

Defendant's next assignment of error is to the court's refusal of his tendered instruction on intoxication, and the giving of the court's Instruction No. 12, as follows:

"The statutes of this state provide that drunkenness shall not be an excuse for any crime. You are instructed,

nevertheless, that you may consider whether or not at the time of the alleged offense or offenses that the defendant was under the influence of any intoxicating liquor to such an extent as to be incapable of forming the intention to commit said offense or offenses. If, upon consideration of all of the evidence, you have a reasonable doubt with reference to his ability of forming the intention to commit said offense or offenses, you will find the defendant not guilty." .

 Defendant concedes that if the word "although" had been added at the beginning of this instruction, it would have adequately stated the law as laid down in *McPhee v. People,* 105 Colo. 539, 100 P.2d 148, and *Brennan v. People,* 37 Colo. 256, 86 P. 79. Since the word "nevertheless" does appear in the second sentence, we cannot see how this instruction would have been greatly altered by the addition of "although." The instruction as given is substantially the same as defendant's tendered instruction, though considerably briefer. There is no requirement that instructions be given in the particular verbiage tendered by the defendant. *Coca v. People,* 154 Colo. 488, 391 P.2d 462.

## VI.

Finally, defendant alleges that the court erred in failing to give two forms of verdict on kidnaping, or requiring the People to elect which of two counts on kidnaping to submit to the jury. We do not agree.

The first and second counts of the information charge the defendant with kidnaping under C.R.S. 1963, 40-2-44(2) and 40-2-44(1), respectively, albeit with some surplusage. These sections contain definitions of the crime of kidnaping as follows:

"A person shall be guilty of kidnaping who willfully:

"(1) Abducts, steals away or secrets [sic] any man, woman or child, forcibly or otherwise; or

"(2) Without lawful authority seizes, confines, imprisons, keeps or detains another against his will, for-

cibly or otherwise, within the state or to be sent out of the state; * * *"

Both sections describe the very same crime in words that are different, but largely synonymous; and the evidence in the case brings the conduct of the defendant within the definitions contained in both sections. It was therefore not error for the court to submit one form of general verdict on the crime of kidnaping. See *Hernandez v. People,* 156 Colo. 23, 396 P.2d 952. Nor was any election required of the People, since only one crime was charged.

Finding no error in the trial of this case, we affirm the judgment of the court entered on the jury's verdict.

MR. JUSTICE DAY and MR. JUSTICE MCWILLIAMS concur.