# No. 26128

## The People of the State of Colorado v. Frank Emiliano Bueno
(534 P.2d 1196)

Decided May 12, 1975.

John P. Moore, Attorney General, John E. Bush, Deputy, James S. Russell, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Randolph M. Karsh, Deputy, T. Michael Dutton, Deputy, for defendant-appellant.

*In Department.*

Opinion by MR. JUSTICE LEE.

Appellant was convicted by a jury of burglary of a dwelling house in violation of 1965 Perm. Supp., C.R.S. 1963, 40-3-5(1). We affirm the judgment of conviction.

Appellant's only ground for reversal is that the evidence was insufficient to sustain the verdict of guilty. We, therefore, briefly review the evidence.

The People's evidence showed that on December 1, 1971, John Baca left his house at about 8:30 p.m., at which time all of the doors and windows were locked. He had given no one permission to enter his home in his absence. When he returned shortly after midnight, Baca discovered that his house had been broken into and ransacked. Among the missing items were a portable TV set and a clock radio.

Detective J. C. Tyus, Jr. of the Denver police department then testified that on the evening of December 10 he and his partner had an apartment complex in north Denver under surveillance. Both were dressed in plainclothes and occupied an unmarked police vehicle. At about 10 o'clock, a car pulled into the apartment parking lot, backed past several vacant spaces and into a space adjacent to a sidewalk in between two buildings. Officer Tyus then saw the driver get out of the car and take a TV set out of the trunk. His suspicions were aroused by the man's actions, so he approached the man from behind. When he came within about ten feet of the man, he stated, "Hold it. Police officer." The man turned and began to run and the officer gave chase. The man ran into the basement of one of the apartment buildings and then into an apartment just ahead of the officer, slamming the door. The officer then heard a man's voice and a yell. He de-

manded that the door be opened. Momentarily, a woman came to the door and let him in. Both she and another woman in the room appeared in a state of great excitement and agitation. The detective searched the apartment and found appellant, whom he recognized as the man with the TV he had chased. He took the appellant into custody, along with a portable TV which was found in the living room. A later search of the car's trunk revealed a clock radio. Both the TV and the radio were identified as those taken from the Baca residence. Scattered inside the car which appellant had been driving were several screwdrivers.

The defense presented three alibi witnesses, all of whom stated that defendant was with them all day in the Jolly Roger Bar continuously, up until around 9:30 that evening. Appellant took the stand in his own behalf and stated that he had purchased the TV set and radio for $15 from a friend in the parking lot outside the bar, and had just borrowed the car to take them over to the apartment of another friend, which was the apartment in which he was apprehended. He testified that he did not run from the officer outside the apartment, and that although he heard the officer he ignored him and continued walking, as he did not hear him say "Police officer," and did not realize that he really was an officer.

Appellant argues that this evidence was insufficient to sustain his conviction. There was no direct evidence to link him with the burglary at the Baca home, but the trial court permitted the jury to infer guilt from appellant's possession of goods recently stolen in a burglary.

The law is well settled that recent, unexplained, and exclusive possession of goods stolen in a burglary will support the inference that the one in possession is guilty of the crime. *People v. McClendon*, 188 Colo. 140, 533 P.2d 923; *Noble v. People*, 173 Colo. 333, 478 P.2d 662; *Diaz v. People*, 161 Colo. 172, 420 P.2d 824; *Cicarelli v. People*, 147 Colo. 413, 364 P.2d 368; *Davis v. People*, 137 Colo. 113, 321 P.2d 1103. Where a defendant explains his possession of the stolen goods, then it becomes a jury question as to whether his explanation raises a reasonable doubt as to his guilt. *Cicarelli v. People, supra.*

When reviewing a jury verdict on sufficiency of the evidence, the standard by which we must judge its sufficiency is whether the evidence, viewed in its totality and in the light most

supportive of the jury's verdict, is sufficient to support a conclusion in the minds of reasonable men that the defendant was guilty beyond a reasonable doubt. *People v. Eades,* 187 Colo. 74, 528 P.2d 382; *People v. Bennett,* 183 Colo. 125, 515 P.2d 466; *Dodge v. People,* 168 Colo. 531, 452 P.2d 759. We find that here the evidence was sufficient, despite appellant's explanation, which the jury was free to accept or refuse. In addition to the bare evidence of possession, were the appellant's suspicious activities observed by the officer, his flight when approached by the officer, and the presence in the car of numerous screwdrivers which might be used as burglar's tools.

The cases relied on by appellant are distinguishable. In *Stephenson v. People,* 148 Colo. 538, 367 P.2d 339, and *Van Straaten v. The People,* 26 Colo. 184, 56 P. 905, this court reversed convictions of burglary where the evidence of possession was held to be insufficient to support the inference of guilt. In both of those cases, there was a lack of evidence of exclusive possession or of possession itself. In *Stephenson,* the stolen goods were found in two houses rented by a friend of defendant, in which also were found papers pertaining to defendant's car. In *Van Straaten,* the goods were found in a room of an ore mill where defendant worked but to which a number of people had access. In contrast here, the defendant was seen carrying the TV set himself. In fact, while presenting a justification for his possession, which the jury obviously rejected, appellant admitted at trial that the goods were in fact in his possession.

We find no merit to appellant's contention that the evidence was insufficient to sustain the verdict of guilty.

The judgment is affirmed.

MR. JUSTICE DAY, MR. JUSTICE HODGES and MR. JUSTICE ERICKSON concur.