## No. 27209

### The People of the State of Colorado v. Thomas John Gould

(563 P.2d 945)

Decided May 9, 1977.

Nolan L. Brown, District Attorney, L. Gary Hebenstreit, Deputy, for plaintiff-appellant.

Marshall Quiat, for defendant-appellee.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

The defendant in this case obtained a directed judgment of acquittal, pursuant to Crim.P. 29, at the close of the prosecution's case. This appeal by the district attorney seeks clarification of a narrow legal issue on venue. We affirm.

The defendant, Thomas John Gould, was charged in a one-count information with unlawfully and feloniously dispensing a dangerous drug, to-wit: D-Lysergic Acid Diethylamide, in Jefferson County. Section 12-22-404, C.R.S. 1973. Two witnesses were endorsed to establish the transaction. Both were agents of the Drug Enforcement Administration.

The agents testified that they met with certain individuals in Jefferson County and arranged to meet the defendant at the Broadway Lounge in the 1200 block of Broadway in Denver, Colorado. The individuals and Agent Allen went to the Broadway Lounge and located Gould. Thereafter, Gould entered Allen's car and gave Allen a plastic bag which contained pink tablets. The pink tablets were later determined to be D-Lysergic Acid Diethylamide. Allen paid Gould $500.

The individuals who met with the agents in Jefferson County were not called as witnesses. No evidence or testimony ties the defendant to any act that was committed in Jefferson County. It is all but axiomatic

that venue must be proved as laid. *See, e.g., Graham v. People,* 134 Colo. 290, 302 P.2d 737 (1956); *Fagerstone v. People,* 128 Colo. 30, 259 P.2d 274 (1953). The information charges that the sale occurred and was made in Jefferson County, Colorado. Crim.P. 18(a)(1) provides:

"(a) *Place of Trial.*

"(1) Except as otherwise provided by constitution, by statute, or by rule, criminal actions shall be tried in the county where the offense was committed, or in any other county where an act in furtherance of the offense occurred."

In all but identical words, the statute provides the same right. Section 18-1-202, C.R.S. 1973, sets forth:

"*18-1-202. Place of Trial.* (1) Except as otherwise provided by law, criminal actions shall be tried in the county where the offense was committed, or in any other county where an act in furtherance of the offense occurred."

In this case, the defendant made a face-to-face, hand-to-hand sale of LSD to Agent Allen of the Drug Enforcement Administration in the City and County of Denver. No part of the transaction was carried out in Jefferson County, and nothing was offered which would tie the defendant to any act in furtherance of the offense in Jefferson County. Gould was the sole defendant, and no conspiracy was charged.

The Colorado Constitution, Article II, Section 16, guarantees a defendant the right to a trial by an impartial jury of the county or district in which the offense is alleged to have been committed. The venue issue was raised by the defendant at the earliest possible time, but the prosecution failed to offer any competent evidence which would establish any act in furtherance of the offense in Jefferson County.

In *Claxton v. People,* 164 Colo. 283, 434 P.2d 407 (1967), we declared that the burden is upon the prosecution to prove venue, and the question of venue, when raised, is an issue to be determined in the same manner as any other issue in the case. *Tate v. People,* 125 Colo. 527, 247 P.2d 665 (1952). Since there was no evidence in this case to establish venue in Jefferson County, the motion for a judgment of acquittal was properly granted.

Judgment affirmed.