**STATE of Tennessee, Appellee,**

v.

**James HAMSLEY, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Feb. 29, 1984.

On Petition to Rehear March 28, 1984.

Permission to Appeal Denied by Supreme Court June 18, 1984.

**438**

Lionel R. Barrett, Jr., Nashville, for appellant.

William M. Leech, Jr., Atty. Gen., Kimberly J. Dean, Asst. Atty. Gen., John Zimmermann, Weakley E. Barnard, Asst. Dist. Attys. Gen., Nashville, for appellee.

OPINION

TATUM, Judge.

The defendant, James Hamsley, was indicted by a Davidson County Grand Jury for eight counts of receiving stolen property over the value of $200 and eight counts of concealing stolen property over the value of $200. The trial court granted a judgment of acquittal with respect to several counts and he was acquitted by the jury on other counts. He was found guilty on four counts of concealing stolen property over the value of $200 with punishment fixed by the jury at not less than 3 years nor more than 4 years imprisonment. The sentences were ordered to run concurrently.

The defendant does not attack the sufficiency of the evidence. We have, neverthe-

less, reviewed the record and find that the evidence meets the standard required by Rule 13(e), T.R.A.P. In his issues, he says that venue for this prosecution did not lie in Davidson County. We find to the contrary and affirm the judgments of conviction.

The defendant owned a television repair business in Nashville, Davidson County. His residence was in close proximity thereto, also in Davidson County. He was "best friends" with Bobby Nickens, who drove a soft drink truck. The defendant owned a farm which straddled Davidson and Robertson Counties. The only entrance to the farm was in Davidson County and it was necessary to pass through the Davidson County portion of the farm to reach the Robertson County part of the farm.

The defendant testified that Nickens paid him $400 to store items at his residence and also on his farm. The defendant testified that Nickens told him that he acquired these items by buying out a construction company.

The police determined that certain items of personal property found at the defendant's residence in Davidson County were stolen. The defendant informed the police officers that certain items located on his farm were also probably stolen. The defendant took the policemen to his farm and it was determined that certain items were in fact stolen.

The four counts for which the defendant was convicted involved stolen property concealed on the farm. The defendant testified that these four items were brought to the farm by Nickens. The property involved in each of the four counts for which the defendant was convicted is as follows:

Count # 6—A 580–b backhoe stolen from Holmes Equipment Company in Rutherford County.

Count # 10—A 1976 Datsun pick-up truck stolen from Newspaper Printing Corporation in Davidson County.

Count # 12—A 1975 Dodge van truck stolen from Mr. Kermit Bowe in Davidson County.

Count # 14—A 1974 Dodge Diesel dump truck stolen from Miller Construction Company in Davidson County.

 It is well settled that venue is a jurisdictional fact which the State must prove only by a preponderance of the evidence. Such evidence may be direct or circumstantial or both. The question of venue is for the jury. *Smith v. State*, 607 S.W.2d 906 (Tenn.Crim.App.1980). Rule 18(a), T.R.Cr.P., provides that, "Offenses shall be prosecuted in the county where the offense was committed."

The defendant testified that Sycamore Creek ran across his farm and was the line between Davidson and Robertson Counties. When one first enters the farm, he is in Davidson County and must travel for a distance before reaching Sycamore Creek or Robertson County. The stolen property was found in the vicinity of a dilapidated, abandoned residence on the farm. The defendant testified that the residence was on the Robertson County side of Sycamore Creek. The only evidence on the subject other than the defendant's testimony was from an officer who observed the property stored upon the farm. He denied knowing where Sycamore Creek was located and testified that he was not familiar with it. From this, the jury could infer that the officer did not cross Sycamore Creek and reach Robertson County before arriving at the spot where the stolen property was situated. Aside from that, there was other evidence upon which the jury could find venue to be in Davidson County.

 Rule 18(b), T.R.Cr.P. provides that, "If one or more elements of an offense are committed in one county and one or more elements in another, the offense may be prosecuted in either county." The elements of concealing stolen property are: (1) proof of the theft; (2) defendant's possession with knowledge that the goods were stolen; and, (3) concealment thereof. *State v. Hatchett*, 560 S.W.2d 627 (Tenn. 1978). Concealing stolen property is a continuing offense. We have examined the record for evidence that the defendant committed one or more of the elements of the offense in Davidson County, assuming the property was found in Robertson County. In doing so, we must bear in mind T.C.A. § 39-1-303 which provides that all persons present, aiding and abetting in any criminal offense, shall be deemed principal offenders. Only a constructive presence is necessary. *Watson v. State*, 158 Tenn. 212, 12 S.W.2d 375 (1928).

The defendant testified that Nickens placed the property on the farm. He said that at times, he would give Nickens the keys to the front gate prior to delivery and on other occasions he accompanied Nickens in delivering the property to the farm. He testified that when Nickens brought the dump truck (count 14) to the farm, he was already there and directed Nickens where to place the truck.

 The delivery of the keys to the gate of the farm, which enabled Nickens to travel through Davidson County with the stolen property to be placed on the farm, is an act aiding the concealment of the property while being transported through Davidson County. The delivery of the keys put in force the agency for the commission of the crime in both counties. The defendant was constructively in both counties and subject to prosecution in either county. *Watson v. State, supra.* As observed above, concealing stolen property is a continuing offense.

Likewise, actually accompanying Nickens through Davidson County with the stolen property for delivery on the farm fixes venue in Davidson County, even if the property was left on the Robertson County portion of the farm. Under these circumstances, the defendant was an aider and abettor in the possession and concealment of the stolen property while it was being transported across Davidson County to the farm.

With regard to the dump truck, the defendant directed Nickens where it should be stored. As stated, when entry was first made upon the farm, Nickens was in Davidson County. Under the preponderance of the evidence rule, the jury was authorized to find that these instructions were given

to Nickens upon entry. This, too, was an act of concealment and the exercise of control over the property in Davidson County.

Moreover, all of the acts of the transportation of the property in Davidson County, as well as the ultimate storage in Robertson County, were the result of an agreement between Nickens and the defendant. This agreement put in force the agency for the commission of the crimes. Therefore, in legal contemplation, the defendant was present at all times and at all places of the crimes' commission. This would be true had the defendant never been present in either county. *Watson v. State, supra.*

We find evidence upon which the jury could find that venue was in Davidson County. The judgment below is therefore affirmed.

DWYER and BYERS, JJ., concur.

## ON PETITION TO REHEAR

TATUM, Judge.

The appellant has filed a respectful and earnest Petition to Rehear. He says that the Court erred in stating that the only entrance to the farm was in Davidson County and that it was necessary to pass through the Davidson County portion of the farm to reach the Robertson County portion of the farm. We studied the evidence in this regard carefully on our original review of the case and concluded that it was sufficient under the preponderance of the evidence rule. We adhere to our original holding that the evidence, taken as a whole, indicated only one entrance to the farm. That entrance was in Davidson County. There was no evidence or contention to the contrary in the trial court or in the briefs originally filed in this court. We respectfully adhere to our original conclusion.

The Petition to Rehear is denied.

DWYER and BYERS, JJ., concur.