The **PEOPLE** of the State of Colorado,
Plaintiff-Appellee,

v.

**Eric Neal CORTEZ,**
Defendant-Appellant.

No. 83CA0391.

Colorado Court of Appeals,
Div. III.

March 21, 1985.

Rehearing Denied April 18, 1985.

Certiorari Granted Aug. 19, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Solicitor Gen., William G. Morgan, Special Asst. Atty. Gen., Denver, for plaintiff-appellee.

David Vela, Colorado State Public Defender, Peggy O'Leary, Deputy State Public Defender, Denver, for defendant-appellant.

BERMAN, Judge.

Defendant, Eric Cortez, appeals from the judgment of conviction entered on a jury verdict finding him guilty of theft by receiving. We reverse.

The evidence presented at trial established that the victim's house, which was located in Adams County, was burglarized sometime between 2:15 P.M. and 11:15 P.M. on September 8, 1981. Among the missing items were a camera case, a camera, and various camera equipment.

At approximately 10:00 A.M. the next morning, a Denver pawnshop opened for business, and defendant, who had been waiting for the shop to open, attempted to pawn a camera and some camera equipment. The pawnshop owner, suspicious of defendant's unfamiliarity with the camera, called the police to inquire whether the items were stolen. In response to his call, a police officer was dispatched to the pawnshop, and defendant was arrested.

After his arrest, defendant told the police that an acquaintance, who has not been located, asked him to pawn the merchandise. Defendant further stated that he had no idea that the camera and equipment were stolen. Defendant was tried in Adams County on charges of burglary and theft by receiving. He was acquitted of the burglary charge.

Defendant contends that there is insufficient evidence to establish venue on the theft by receiving charge because he was acquitted of the burglary in Adams County, and there was no independent evidence of any act committed in Adams County "in furtherance of" the theft by receiving which occurred in Denver County. We agree.

In a criminal prosecution, the burden is on the People to prove proper venue,

and venue is to be determined from all the evidence. *People v. Gould,* 193 Colo. 176, 563 P.2d 945 (1977); *Tate v. People,* 125 Colo. 527, 247 P.2d 665 (1952). Here, the information charges that the defendant committed theft by receiving in Adams County. There is no evidence or testimony, however, which establishes that defendant committed any element of theft by receiving in Adams County. In fact, the evidence demonstrated that the pawn shop was located in the City and County of Denver, and that defendant took possession of the goods at a restaurant located across the street from Mile High Stadium.

Thus, defendant properly could be charged and convicted in Adams County only if the theft by receiving was an "act in furtherance" of the burglary, or if the theft by receiving was part of a series of acts arising from the burglary. *See* § 18–1–202(1) and § 18–1–202(7), C.R.S. (1978 Repl.Vol. 8). *See also* Crim.P. 18(a)(1) and (6).

The fact that the stolen property was pawned within 19 hours of the burglary does not necessarily mean that the theft by receiving constituted an "act in furtherance" of the burglary. *See People v. Freeman,* 668 P.2d 1371 (Colo.1983). Rather, there must be at least some evidence to tie the defendant to the burglary in Adams County. *See People v. Freeman, supra.* Here, there is nothing, other than defendant's possession of the stolen goods the morning after the burglary, to implicate him in the burglary. This is not an adequate nexus to establish venue under § 18–1–202(1), *see People v. Gould, supra,* or under § 18–1–202(7), which requires that the multiple crimes committed in separate counties be "based upon the same act or series of acts arising from the same criminal episode."

Accordingly, the judgment is reversed and the cause is remanded with directions to dismiss the charge of theft by receiving.

BABCOCK and METZGER, JJ., concur.