The enactment of § 523(a)(9) has rendered academic the issue presented here as to future accidents.

The court does not want to be understood to be holding that every tort obligation created prior to § 523(a)(9) while the tort-feasor had any alcohol in his blood is nondischargeable. There is no such absolute rule. Rather, the holding is simply that this particular set of facts was so egregious as to add up to nondischargeability as a matter of law under § 523(a)(6) and that the holding of the court below was therefore clearly erroneous.

It is unnecessary to compare the recent holding of the Second Circuit in *Robinson v. McGuigan,* 776 F.2d 30 (2nd Cir.1985), as to which a petition for writ of certiorari is pending before the Supreme Court. The *McGuigan* court holds that a judgment against a criminal defendant in favor of a "victim" under Connecticut's statutory version of victim restitution, similar to the federal Victim and Witness Protection Act, is dischargeable in bankruptcy. Whether or not this Second Circuit decision will stand, or is here apposite, will await another day.

The decision of the bankruptcy court is due to be reversed and the case rendered. An appropriate order will be entered.

**William K. HANEY,  
Petitioner-Appellant,**

v.

**Buford R. BURGESS, Sheriff Morgan County, Alabama and Charles A. Graddick, Attorney General for the State of Alabama, Respondents-Appellees.**

No. 86–7197  
**Non-Argument Calendar.**

United States Court of Appeals,  
Eleventh Circuit.

Sept. 5, 1986.

David B. Byrne, Jr., Robison & Belser, P.A., Montgomery, Ala., John M. Bolton, III, Montgomery, Ala., for petitioner-appellant.

Charles A. Graddick, Atty. Gen., Montgomery, Ala., Russell C. Stoddard, Asst. Atty. Gen., Montgomery, Ala., for respondents-appellees.

Before RONEY, Chief Judge, HILL and KRAVITCH, Circuit Judges.

PER CURIAM:

This appeal raises the question of whether it violates the double jeopardy clause to retry a defendant whose criminal conviction was reversed because of improper venue. We hold that reversal because of improper venue is not the same as reversal for insufficient evidence to support a conviction, which would bar a retrial, and that retrial is permitted here. We therefore affirm the district court's denial of a writ of habeas corpus to this state petitioner.

William Haney, a psychiatrist practicing in Morgan County, Alabama, was convicted in Montgomery County Circuit Court of multiple counts of making fraudulent Medicaid claims, in violation of Ala.Code § 22–1–11. Subsequent to his trial, the Alabama Supreme Court held that proper venue for prosecuting charges of Medicaid fraud is in the county where the fraud allegedly was committed, rather than in Montgomery County, where the Medicaid agency is located. The trial judge then set aside the conviction. Haney was reindicted, this time in Morgan County, and after exhausting his state remedies, Haney brought these federal proceedings seeking a writ of habeas corpus to prevent his retrial.

Before the first trial, Haney had sought to have venue changed to Morgan County. He contended throughout the trial that venue was improper in Montgomery County. At the time of the trial, though, both the prosecution and the trial court relied on the Alabama Court of Criminal Appeals' opinion in *McKennie v. State*, 439 So.2d 706 (Ala.Crim.App.1982), which held that proper venue for prosecuting Medicaid fraud was in Montgomery County, where the Medicaid agency was located. The Alabama Supreme Court adopted a contrary rule in *Ex parte Hunte*, 436 So.2d 806 (Ala.1983), and reversed *McKennie*. *Ex parte McKennie*, 439 So.2d 713 (Ala.1983).

When the trial court quashed Haney's indictment in light of *Hunte*, Haney argued that proof of venue is a necessary part of the State's case and that the proof was insufficient to support the conviction. In *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), the Supreme Court held that where a conviction is reversed because of insufficient evidence to support the verdict, the defendant cannot be retried without offending the Double Jeopardy Clause.

There is some confusion in the briefs and the magistrate's opinion and in the Alabama cases as to the Alabama law. The district court relied on the magistrate's opinion. All seem to agree that in Alabama, the prosecution has the burden of establishing venue in all criminal cases. *Willcutt v. State*, 284 Ala. 547, 226 So.2d

328, 330 (1969); *Buffo v. State*, 415 So.2d 1146, 1154 (Ala.Crim.App.1980), *rev'd on other grounds*, 415 So.2d 1158 (Ala.1982). Venue, though, is not an element of the crime itself and need not be alleged in the indictment. *Stokes v. State*, 373 So.2d 1211, 1216 (Ala.Crim.App.1979); *Frye v. State*, 369 So.2d 892, 899 (Ala.Crim.App. 1979); *Harris v. State*, 44 Ala.App. 449, 212 So.2d 695, 699 & n. 4, *cert. denied*, 282 Ala. 726, 212 So.2d 704 (1968). Failure to prove venue, however, is a ground for reversal. *Willcutt*, 226 So.2d at 330.

The magistrate suggested that venue need only be proven by a preponderance of the evidence, which seems contrary to *Stokes v. State*, 373 So.2d at 1216. The magistrate likewise indicated that venue is not jurisdictional. The parties, though, seem to agree that venue is jurisdictional. In fact, the State argues that since venue is jurisdictional, the Montgomery County Circuit Court was without jurisdiction and therefore the proceeding could not be a bar to proceedings in a court of proper jurisdiction. The magistrate noted that under state law venue could be waived. The kind of jurisdiction upon which the State bases its argument probably could not be waived.

Regardless of these differences, the proper approach to the application of *Burks* to this case is to determine whether proof of venue goes to the merits of the charge, or is more like the procedural rulings which do not involve double jeopardy. Deciding the latter, we follow the opinion of the late Judge William E. Doyle, who said:

> Venue is, of course, unlike the substantive facts which bear on guilt or innocence in the case. Venue is wholly neutral; it is a question of procedure, more than anything else, and it does not either prove or disprove the guilt of the accused. [The defendant] did not as a result of the action in the trial court have a resolution of some or all of the merits of the offense charged. The termination of the case was not "a resolution, correct or not, of some or all of the federal *elements* of the offense charged." *Lee v.*

*United States*, 432 U.S. 23 at 30, n. 8, 97 S.Ct. 2141 at 2145 n. 8, 53 L.Ed.2d 80 (1977); quoting *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977) (emphasis added); *United States v. McDonough*, 603 F.2d 19 (7th Cir.1979).

*Wilkett v. United States*, 655 F.2d 1007, 1011–12 (10th Cir.1981), *cert. denied*, 454 U.S. 1142, 102 S.Ct. 1001, 71 L.Ed.2d 294 (1982). Although *Wilkett* was a federal prosecution, the constitutional double jeopardy rationale in a federal case would not differ from that in a habeas corpus proceeding arising from a state trial.

In *Burks* and the other Supreme Court cases Haney cites, the case should not have gone to the jury because the evidence was insufficient to sustain a verdict that the defendant committed the acts charged. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *United States v. Scott*, 437 U.S. 82, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978); *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978); *cf. Tibbs v. Florida*, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982) (reversal on weight of evidence does not bar reprosecution). Those cases are based on the proposition that the Double Jeopardy Clause forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence of the defendant's guilty acts which it failed to muster in the first proceeding. *Burks*, 437 U.S. at 11, 98 S.Ct. at 2147. The Government is not allowed to test its case, find that its case is insufficient, and, armed with such knowledge, try again with different evidence.

In our judgment, the reversal for improper venue was not for "insufficient evidence" as meant in *Burks*. The dismissal of the Montgomery County indictment was not a factual determination of the sufficiency or insufficiency of the evidence that Haney committed criminal acts. *Burks* distinguished trial error reversals from reversals because the evidence was insufficient to support a decision that a defendant committed the criminal act.

In short, reversal for trial error, as distinguished from evidentiary insufficiency, does not constitute a decision to the effect that the government has failed to prove its case. As such, it implies nothing with respect to the guilt or innocence of the defendant. Rather, it is a determination that a defendant has been convicted through a judicial process which is defective in some fundamental respect. *Burks*, 437 U.S. at 15, 98 S.Ct. at 2149.

Here, both the trial court and the State proceeded at a time when *McKennie* was the law as to venue. The State's evidence of venue was in no way insufficient under that law. There was no suggestion that there was insufficient evidence of the county in which the various acts of Haney occurred. This situation is analogous to the trial error situation recognized in *Burks*. Retrial in this case is for the purpose of protecting the defendant's right to be tried in the county where he is accused, but it does not "afford the government an opportunity for the proverbial 'second bite at the apple,'" *Burks*, 437 U.S. at 17, 98 S.Ct. at 2150, and bears "no semblance of the type of oppressive practices at which the double-jeopardy prohibition is aimed." *Wade v. Hunter*, 336 U.S. 684, 688–89, 69 S.Ct. 834, 836–37, 93 L.Ed. 974 (1949).

Accordingly, we affirm the district court's order denying the petition for writ of habeas corpus, and vacate the stay of the state proceedings entered by the district court pending this appeal.

AFFIRMED.