The PEOPLE of the State of
Colorado, Petitioner,

v.

Eric Neal CORTEZ, Respondent.

No. 85SC190.

Supreme Court of Colorado,
En Banc.

May 18, 1987.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Nathan B. Coats, Deputy Atty. Gen., Denver, for petitioner.

David F. Vela, State Public Defender, Peggy O'Leary, Deputy State Public Defender, Denver, for respondent.

ERICKSON, Justice.

The defendant, Eric Neal Cortez, was charged with second-degree burglary of a dwelling, section 18–4–203, 8B C.R.S. (1986), and theft by receiving, section 18–4–410, 8B C.R.S. (1986). An Adams County District Court jury acquitted the defendant of burglary and found him guilty of theft by receiving. The court of appeals reversed the defendant's conviction because the prosecution failed to prove venue in Adams County on the theft by receiving charge. *People v. Cortez*, 703 P.2d 648 (Colo.App.1985). We granted certiorari, and now affirm the court of appeals.

I.

Clyde Sinkhorn's home in Adams County was burglarized on September 8, 1981, and cameras, lenses, and other attachments were taken.[1] Officers of the Westminster Police Department investigated the burglary, and obtained the serial numbers on the

---

1. A small amount of cash, a diamond ring and a wristwatch were also taken during the burglary.

These items were not recovered.

stolen photography equipment from Sinkhorn.

At 10:00 a.m. the next day, the defendant attempted to pawn a camera at the Federal Jewelry & Loan pawnshop in Denver, which was owned by Robert Bryant. The defendant told Bryant that he owned the camera, but could not answer Bryant's questions about the way the camera worked. Bryant suspected that the property was stolen and called the Denver Police Department to "clear" the serial number on the camera. The serial number on the camera matched that on a camera taken from Sinkhorn's home. A Denver police officer went to the pawnshop, placed the defendant under arrest, and seized the camera equipment. The remaining pieces of equipment in the defendant's possession were also identified as belonging to Sinkhorn.

The defendant told the police that he had been asked by Shawn LaNight, who he met in a bar, to pawn the camera equipment to raise money to purchase marijuana. The defendant testified that he received the camera equipment from LaNight at a Denny's Restaurant on Federal Boulevard in Denver. Neither the defendant nor the police were able to find LaNight.

In a motion for a judgment of acquittal at the close of the prosecution's case and in his motion for new trial, the defendant asserted that Adams County was not the proper venue for trial of the theft by receiving charge. Although the burglary was committed in Adams County, the only evidence of theft by receiving was that the offense commenced and ended in Denver County. The district court denied the defense motion for acquittal and held that the defendant's attempt to dispose of the stolen property was part of a series of acts arising from the same criminal episode and that venue was properly laid in Adams County. *See* § 18–1–202(7), 8B C.R.S. (1986).

The court of appeals reversed the conviction and remanded to the trial court with directions to dismiss the charge of theft by receiving. *People v. Cortez,* 703 P.2d 648 (Colo.App.1985). The court of appeals found "no evidence or testimony ... which establishe[d] that defendant committed any element of theft by receiving in Adams County," and concluded that the prosecution failed to prove venue because the record did not contain evidence of an act in furtherance of theft by receiving by the defendant in Adams County. *Id.* at 650.

## II.

Article II, section 16 of the Colorado Constitution guarantees a defendant the right to a trial by an impartial jury of the county or district in which the offense is alleged to have been committed. The prosecution has the burden of proving venue and, when the issue is raised, venue must be proven as any other issue in the case. *People v. Freeman,* 668 P.2d 1371, 1380 (Colo.1983); *People v. Gould,* 193 Colo. 176, 178, 563 P.2d 945, 946 (1977); *Claxton v. People,* 164 Colo. 283, 288, 434 P.2d 407, 409 (1967); *Tate v. People,* 125 Colo. 527, 535–36, 247 P.2d 665, 669 (1952). The prosecution contends that the venue was properly laid in Adams County under section 18–1–202(1) or (7), 8B C.R.S. (1986).

### A. *Section 18–1–202(7), 8B C.R.S. (1986)*

The trial court based its finding of proper venue in Adams County upon section 18–1–202(7), 8B C.R.S. (1986):

> When multiple crimes are based upon the same act or series of acts arising from the same criminal episode and are committed in several counties, the offender may be tried in any county in which any one of the individual crimes could have been tried.

After the trial in this case ended, we reviewed the venue and compulsory joinder statutes in *People v. Taylor,* 732 P.2d 1172 (Colo.1987). There the defendant entered into a conspiracy to distribute cocaine in Routt County, Colorado from her home in Denver. Taylor pled guilty to the conspiracy charge in Routt County and was subsequently charged with two counts of possession of a controlled substance in Denver County. The Denver District Court dismissed the Denver charges because the

prosecution was barred by section 18–1–408(2), 8B C.R.S. (1986), which requires joinder of all charges arising out of the same criminal episode. We reversed and noted that, although overt acts of the conspiracy were committed in Routt and Denver Counties, the possessory offenses were committed in the City and County of Denver. We held that the compulsory joinder statute operated as a bar to the subsequent prosecution of an offense only if the offense was committed in the same judicial district in which the accused had been subjected to a completed prosecution. *Id.* at 1176. A necessary part of our analysis in *Taylor* was the limitation of subsection (7) of the venue statute to counties within the same judicial district.

Since section 18–1–202(7) permits an accused charged with multiple crimes arising from the same criminal episode and committed in several counties to be tried in any county in which any of the individual offenses could have been tried, it can reasonably be presumed that the legislature also intended to permit the filing of charges in either county. We believe, however, that underlying this implied grant of filing authority in section 18–1–202(7) is the limitation that the respective counties to which the multi-venue provisions are applicable must be located within the same judicial district.... Thus, while the multi-venue provisions of section 18–1–202(7) provide some degree of flexibility in fixing the place of trial for separate crimes arising out of the same criminal episode *so long as such offenses were committed within the same judicial district,* they do not enlarge the authority of a district attorney to file charges based on crimes committed outside the territorial boundaries of the judicial district served by the district attorney.

*Taylor,* 732 P.2d at 1178–79 (emphasis added) (footnotes omitted). The compulsory joinder statute did not bar the Denver prosecution because the Routt County District Attorney was without statutory authority to join the possessory offenses in Denver with the Routt County prosecution.

In this case, venue cannot be sustained in Adams County for separate offenses in Adams and Denver Counties during the same criminal episode. The City and County of Denver is the Second Judicial District, section 13–5–103(1), 6 C.R.S. (1973), and Adams County is the Seventeenth Judicial District, section 13–5–118(1), 6 C.R.S. (1973). Proper venue exists under section 18–1–202(7), 8B C.R.S. (1986), in any county in which separate offenses are committed as part of the same criminal episode *only if* the counties are within the same judicial district. *People v. Taylor,* 732 P.2d 1172 (Colo.1987). Venue of the theft by receiving charge, if it is considered as a separate offense, only exists in the Second Judicial District, City and County of Denver. Thus, venue of the theft charge was improperly laid in Adams County and cannot be based on section 18–1–202(7), 8B C.R.S. (1986).

**B.** *Section 18–1–202(1), 8B C.R.S. (1986)*

The prosecution argues that venue was proper in Adams County because the burglary occurred in Adams County and was an act in furtherance of the commission of theft by receiving. We disagree under the facts of this case.

Section 18–1–202(1), 8B C.R.S. (1986), states that, "[e]xcept as otherwise provided by law, criminal actions shall be tried in the county where the offense was committed or in any other county where an action in furtherance of the offense occurred." It is undisputed that the theft by receiving occurred in Denver and that the burglary occurred in Adams County. To sustain venue on the theft by receiving charge in Adams County, an act in furtherance of the offense had to be committed there. Thus, venue was proper in Adams County under section 18–1–202(1) only if the burglary was an act in furtherance of theft by receiving.

Section 18–1–202(1) requires some connection between the defendant and the "act in furtherance" upon which venue is based. In *People v. Gould,* 193 Colo. 176, 563 P.2d 945 (1977), we held that venue was improp-

erly laid in Jefferson County where agents of the Drug Enforcement Administration, after meeting with "certain individuals" in Jefferson County, purchased illicit drugs from the defendant in a "face-to-face, hand-to-hand" transaction in the City and County of Denver. *Id.* at 177–78, 563 P.2d at 945–46. The individuals who met with the DEA agents in Jefferson County were not called as witnesses. Venue was improper in Jefferson County because the transaction culminating in the defendant's arrest transpired within Denver County and there was "[n]o evidence or testimony [tying] the defendant to any act that was committed in Jefferson County." 193 Colo. at 177, 563 P.2d at 946. In *People v. Freeman*, 668 P.2d 1371 (Colo.1983), the evidence established that the defendant kidnapped and murdered the victim in Denver to obtain the victim's automobile for the purpose of sale to undercover officers who were conducting a "sting operation" in Jefferson County. We distinguished *Gould* and con-cluded that there was "sufficient evidence to tie the defendant to an act in furtherance of the offense in Jefferson County," and held that Jefferson County was a proper venue for trial on the murder charges. *Id.* at 1380–81.

If the burglary was an "act in furtherance" of the theft by receiving, it was incumbent upon the prosecution to connect the defendant to the burglary to establish venue. Here, the jury acquitted the defendant of burglary. The prosecution argues that the defendant's exclusive and unexplained possession of recently stolen property allowed the jury to infer that the defendant gained possession of the stolen property in Adams County or that he participated in the burglary.

The jury was instructed that it was permissible to infer from the defendant's exclusive possession of the recently stolen property that the defendant "participated in" the original taking of the property.[2] *See Wells v. People*, 197 Colo. 350, 592 P.2d

2. The jury in this case was instructed as follows:
  Exclusive possession of property recently stolen in a theft or burglary if not explained so to raise a reasonable doubt as to the defendant's guilt, is ordinarily a circumstance from which the jury may draw an inference and find, in the light of surrounding circumstances shown by the evidence in the case, that the person in possession participated in the theft or burglary.
  You are not required to draw any conclusion from the exclusive, unexplained possession of recently stolen property, but you are permitted to infer, from the defendant's unexplained possession that the defendant is guilty of theft or burglary if, and only if, in your judgment such an inference is warranted by the evidence as a whole. It is the exclusive province of the jury to determine whether the facts and circumstances shown by the evidence warrant any inference which the law permits the jury to draw from possession of recently stolen property. If the possession by the defendant of recently stolen property is consistent with his innocence, then the jury should acquit the defendant unless he has been proven guilty beyond a reasonable doubt by other evidence in the case.
  "Recently" is a relative term which has no fixed meaning. Whether property may be considered as recently stolen depends upon all the facts and circumstances shown by the evidence. The longer the period of time since the theft or burglary, the weaker is the inference which may be drawn from the possession.

The defendant's possession of the recently stolen property does not shift the burden of proof. The burden of proof is always with the People to prove beyond a reasonable doubt every essential element of theft or burglary. Before you may draw any inference from the defendant's unexplained possession of property stolen in a theft or burglary, you must first find that the People have proved beyond a reasonable doubt that the crime of theft or burglary did in fact occur. If the People have proved beyond a reasonable doubt that the crime of theft or burglary did in fact occur, then, but only then, may the defendant's unexplained possession of property stolen in that theft or burglary permit you to infer that the defendant participated in the theft or burglary.
  In considering whether the defendant's possession of the recently stolen property has been satisfactorily explained, you must bear in mind that the defendant is not required to take the witness stand or to furnish an explanation. His possession may be satisfactorily explained by other facts and circumstances shown by the evidence independently of any testimony by the defendant himself. And even though the defendant's possession of the recently stolen property is unexplained, you cannot find him guilty if after a consideration of all of the evidence you have a reasonable doubt as to [his] guilt.
We approved of a similar instruction in *Wells v. People*, 197 Colo. 350, 357–58, 592 P.2d 1321, 1326–27 (1979).

1321 (1979); *People v. Bueno*, 188 Colo. 396, 534 P.2d 1196 (1975); *People v. McClendon*, 188 Colo. 140, 533 P.2d 923 (1975). By its verdict, the jury rejected the permissive inference and acquitted the defendant of burglary. Moreover, the verdict finding the defendant guilty of theft by receiving indicates that the jury did not believe that the defendant committed the original taking of the property. *See People v. Jackson*, 627 P.2d 741, 746 (Colo. 1981) (person who actively participated in theft cannot be convicted of both theft and theft by receiving of the stolen property); 4 C. Torcia, *Wharton's Criminal Law* § 454, at 4 (14th ed. 1981) ("In no event can a person be guilty of larceny and receiving stolen property in respect of the same property.") The jury verdict acquitting the defendant of burglary and convicting him of theft by receiving therefore eliminates the only evidence that would support venue in Adams County.

The defendant's possession in Denver of property stolen in the Adams County burglary is insufficient to establish venue in Adams County when the defendant was acquitted of burglary and no evidence was produced to show that the defendant committed an act in furtherance of theft by receiving in Adams County. *People v. Gould*, 193 Colo. 176, 563 P.2d 945 (1977); § 18–1–202(1), 8B C.R.S. (1986); Crim.P. 18(a)(1).[3] The judgment of the court of appeals is affirmed. The case is returned to the court of appeals to remand to the Adams County District Court with di-

rections to vacate its judgment of conviction and to dismiss the count of theft by receiving. We do not decide whether a new charge against the defendant for theft by receiving in the City and County of Denver would be constitutionally barred because of double jeopardy.[4]

VOLLACK, J., specially concurs in part and dissents in part.

VOLLACK, Justice, specially concurring in part and dissenting in part:

I concur in part and dissent in part. Because I believe that this court should address the double jeopardy question mentioned by the majority in footnote 4, I respectfully dissent from that conclusion in the majority opinion. We granted certiorari on the issue, it was thoroughly addressed in the briefs submitted by the parties, and in the interest of judicial economy I believe the issue should be decided.

I.

I agree with the majority that the facts of this case, as established by a careful review of the record, reveal no evidence linking the defendant to the burglary in Adams County. Based on this lack of evidence and the defendant's acquittal of the Adams County burglary, the theft by receiving conviction in Adams County must be reversed. However, I specially concur in order to emphasize that the holding in this case must be vary narrowly applied,

3. Nothing in this opinion should be read to signify that the acquittal of the defendant on the charge of burglary without more required the dismissal of the theft by receiving charge.

Several cases hold that venue is proper in the county of the original taking despite the fact that the defendant is acquitted of the burglary or larceny and convicted only of theft by receiving which culminates in another county. Unlike the present case, however, the opinions from other jurisdictions indicate that the accused, although acquitted of the original asportation of the property, nevertheless exercised dominion and control over the stolen goods in the county where the prosecution was located. *See, e.g., Kilpatrick v. State*, 383 So.2d 863 (Ala. Crim.App.1980); *State v. Frank*, 262 S.C. 526, 205 S.E.2d 827 (1974); *State v. Hamsley*, 672 S.W.2d 437 (Tenn.Crim.App.1984). These cases

rely on the well-established principle that venue for theft lies in any county in which the defendant exercises control over the stolen property. *See* § 18–1–202(4), 8B C.R.S. (1986); Crim.P. 18(a)(4).

4. In addition to the venue question, we granted certiorari to determine whether reprosecution of the defendant was barred by the double jeopardy clause after the court of appeals reversed his conviction due to inadequate proof of venue. We decline to reach the issue because further proceedings have not been instituted against the defendant and the issue is not ripe for review. *See People v. Bossert*, 722 P.2d 998 (Colo.1986); *Ricci v. Davis*, 627 P.2d 1111 (Colo.1981) (constitutional questions that are not essential to the resolution of a case or controversy should not be addressed).

relating only to the unusual facts presented here.

I believe that because there was a lack of evidence in the record demonstrating any type of link, even circumstantial, between the defendant and the Adams County burglary, the majority is correct in affirming the court of appeals' reversal of the conviction. However, I would reverse the court of appeals' dismissal of the charge, and remand to the trial court for retrial.

## II.

The defendant argues that his reprosecution should be barred as violative of the double jeopardy clause, and the majority declined to address the issue because proceedings against the defendant have not yet begun. I disagree with the majority's conclusion that this issue is not appropriate for our review, based on our prior decision in *People v. Lybarger*, 700 P.2d 910 (Colo. 1985). In that case, we reversed the defendant's conviction and went on to review the record because "if the evidence is insufficient to support the conviction, the retrial of the defendant on the same charge" would violate double jeopardy. *Id.* at 916.

We have not previously addressed the issue of whether appellate reversal of a conviction when a defendant brings the appeal, based on improper venue, amounts to insufficient evidence establishing guilt or innocence, thus prohibiting retrial due to the double jeopardy clause. The U.S. Supreme Court has held:

> Petitioner's contention that to require him to stand trial again would be to place him twice in jeopardy is not persuasive. He sought and obtained the reversal of his conviction assigning a number of alleged errors on appeal, including denial of his motion for judgment of acquittal "... [W]here the accused successfully seeks review of a conviction, there is no double jeopardy upon a new trial."

*Bryan v. United States*, 338 U.S. 552, 560, 70 S.Ct. 317, 321, 94 L.Ed. 335 (1949) (citations omitted).

There is an important distinction between insufficiency as to factual matters that go to the establishment of guilt or innocence, and reversal on matters that do not reflect an insufficiency of "guilt or innocence" evidence. The double jeopardy clause prohibits a retrial when there has been a post-jeopardy determination that the government's evidence is insufficient to establish guilt. *Burks v. United States*, 437 U.S. 1, 16, 98 S.Ct. 2141, 2150, 57 L.Ed.2d 1. A retrial is not necessarily prohibited where reversal is based on a "determination that a defendant has been convicted through a judicial process which is defective in some fundamental respect." *Id.* at 15, 98 S.Ct. at 2149. In *Lybarger*, we applied the principle that retrial of the defendant for the same charge [which the appellate court had reversed] would constitute a violation of double jeopardy if "the evidence is insufficient to support the conviction." 700 P.2d 910 at 916 (Colo.1985). In reviewing the record for sufficiency of evidence, "we must consider all the evidence, including that presented by the defendant, and evaluate this evidence in a light most favorable to the People and then determine whether, when so considered, the evidence is of sufficient quality and quantity to support a conclusion by a reasonable person that the defendant's guilt has been established beyond a reasonable doubt." *Id.* at 916–17.

This court has adopted the reasoning of *Burks v. United States*, noting that double jeopardy protection applies when a conviction is reversed *"due to evidentiary insufficiency in a former prosecution." People v. Brassfield*, 652 P.2d 588, 594 n. 5 (Colo. 1982) (emphasis in original) (where appellate court reverses judgment of acquittal entered by trial judge after jury found the defendant guilty, case is remanded for ruling upon defendant's pending motion for new trial; result of that ruling will be either entry of judgment of conviction, or retrial if new trial motion is granted.)

The Eleventh Circuit Court of Appeals recently held that "reversal because of improper venue is not the same as reversal for insufficient evidence to support a conviction" and concluded that retrial is permitted where a criminal conviction was reversed because of improper venue. *Haney v. Burgess*, 799 F.2d 661, 662 (11th Cir.

**816**

1986). The court in *Haney* held that, under *Burks*, proof of venue was "a question of procedure, more than anything else, and it does not either prove or disprove the guilt of the accused." *Id.* at 663. Accordingly, retrial after reversal because of improper venue was found not to violate the double jeopardy clause.

The Virginia Supreme Court also addressed this factual situation in *Pollard v. Commonwealth*, 220 Va. 723, 261 S.E.2d 328 (1980). In *Pollard*, the defendant's conviction for larceny was reversed because the prosecution failed to prove venue. In reversing, the Virginia Supreme Court refused to dismiss the indictment because the error did not stem from evidentiary insufficiency going to the guilt or innocence of the defendant.

I believe that the appropriate distinction is whether a conviction is reversed solely for lack of sufficient evidence to sustain the jury's verdict. If this is the sole reason for reversal, then the government has failed to prove its case and the defendant is entitled to the protection of the double jeopardy clause. If, however, the reversal is not based on an evidentiary insufficiency going solely to guilt or innocence, I believe that retrial is not violative of the double jeopardy clause. The jury here found the defendant guilty of theft by receiving, and a primary purpose of the double jeopardy clause is "to prevent a successive trial on the issue of guilt or innocence after this ultimate factual issue has previously been determined *in the defendant's favor* at a former prosecution." *Brassfield*, 652 P.2d at 594 (emphasis added).

Double jeopardy bars retrial as to the verdict of not guilty on the burglary charge; the defendant cannot be retried for that offense. As to the theft by receiving conviction, reversal is based on the fact that venue as to theft by receiving was not shown in Adams County. The record does show evidence "of sufficient quality and quantity to support a conclusion by a reasonable person that the defendant's guilt has been established beyond a reasonable doubt." *Lybarger*, 700 P.2d at 916–17. I believe the necessary conclusion is that re-

trial here would not violate the defendant's double jeopardy protections. I would remand for retrial, and therefore respectfully dissent from the majority's conclusion as to this issue.