The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Scott Douise MOORE, Defendant-Appellant.

No. 84CA0351.

Colorado Court of Appeals, Div. II.

Sept. 19, 1985.

Rehearing Denied Oct. 10, 1985.

Certiorari Denied Jan. 13, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert M. Petrusak, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Karp & Dodge, Shelley P. Dodge, Sander N. Karp, Denver, for defendant-appellant.

KELLY, Judge.

Defendant, Scott Moore, appeals from the judgment of conviction of theft entered in Arapahoe County District Court on a jury verdict finding him guilty of theft. We reverse.

The evidence presented at trial established that an optical delivery van was burglarized in the Cinderella City parking lot in Arapahoe County at approximately 11:00 a.m. on January 29, 1982. The missing items included about fifty pairs of eyeglasses, the canvas bags they were packed in, and a silver metal bucket in which they were stored. The driver of the van testified that, before he entered Cinderella City, a young man had stared at him and then turned and walked off. The driver was unable to identify the defendant as being this man. Upon discovering the burglary, the van driver called his boss, Yenkinson, who operated the optical delivery service, and the police.

At approximately 1:30 p.m. the same day, Yenkinson received a phone call at the office of the optical delivery service in Denver County. The caller, identifying himself as "Tom," indicated that he had found some optical things scattered along the road. The caller, later identified as the defendant, asked Yenkinson if he would be willing to pay to get the articles back, and after a short negotiation, Yenkinson agreed to pay him $250. The caller agreed to bring the items to the office of the optical delivery service. After this conversation, Yenkinson phoned the police.

Defendant arrived at the office at approximately 2:30 p.m. with the missing items and was immediately arrested. He thereupon told the police that he had found the missing items in Parker, Colorado, shortly after 9:00 a.m. However, when confronted with the time of the theft from the delivery van, defendant claimed that he found the items on South Santa Fe Drive near Cinderella City Shopping Center.

The defendant was charged and tried in Arapahoe County, and at trial, defendant testified that he was driving north on Santa Fe enroute to Denver when he found the delivery bucket and optical materials near a biscuit shop just south of Evans. He also testified that he telephoned the office from a pay phone in Denver. Defendant was convicted of theft and was acquitted of criminal trespass.

Defendant contends that there is insufficient evidence to establish venue on the theft charge because he was charged with three alternative means of committing the theft, § 18–4–401(1)(a), (c), and (d), C.R.S. (1978 Repl.Vol. 8), and the count based on § 18–4–401(1)(d) relates to acts committed solely in Denver County without any independent evidence of any acts in Arapahoe County. We agree with defendant.

In a criminal prosecution, the burden is on the People to prove proper venue and venue is to be determined from all the evidence. *People v. Gould*, 193 Colo. 176, 563 P.2d 945 (1977); *People v. Cortez*, 703 P.2d 648 (Colo.App.1985) *(cert. granted*, August 19, 1985).

Here, three charges were submitted to the jury, pursuant to § 18–4–401, C.R.S. (1978 Repl.Vol. 8) which provides:

"(1) A person commits theft when he knowingly obtains or exercises control over anything of value of another without authorization, or by threat or deception, and:

(a) Intends to deprive the other person permanently of the use or benefit of the thing of value; or

. . . .

(c) Uses, conceals, or abandons the thing of value intending that such use, concealment, or abandonment will deprive the other person permanently of its use and benefit; or

(d) Demands any consideration to which he is not legally entitled as a condition of restoring the thing of value to the other person."

There is no evidence or testimony which establishes that the defendant committed any element of § 18–4–401(1)(d) in Arapahoe County. In fact, the evidence demon-

strated that the defendant telephoned the office of the optical delivery service from a pay phone in Denver, that the office was located in Denver County, and that the defendant returned the stolen goods to the Denver location. Since the jury returned a general verdict of guilty of theft, we are unable to determine whether the defendant was convicted for commission of the acts which occurred in Arapahoe County.

Moreover, the jury's verdict of not guilty on the criminal trespass charge, which was based on the entry into the van in the parking lot, allows the inference that the jury relied on § 18–4–401(1)(d) in finding defendant guilty of theft. This count was based on evidence of events in Denver County. Without evidence establishing that any element of § 18–4–401(1)(d) occurred in Arapahoe County, there is not an adequate nexus to establish venue under § 18–1–202(1), C.R.S. (1978 Repl.Vol. 8). *People v. Cortez, supra.*

Accordingly, the judgment is reversed and the cause is remanded with directions to dismiss the charge of theft.

BABCOCK and METZGER, JJ., concur.