[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11793
Non-Argument Calendar
_____

D.C. Docket No. 2:14-cr-00023-MHT-CSC-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM THOMAS CRANE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(December 7, 2015)

Before ROSENBAUM, JULIE CARNES, and FAY, Circuit Judges.

PER CURIAM:

William Crane appeals his conviction for conspiracy to distribute and possess with intent to distribute at least 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. On appeal, Crane argues that the district court erred in instructing the jury that the prosecution was required to prove venue by a preponderance of the evidence only. He acknowledges that the district court's instruction was consistent with circuit precedent, but he alleges that our precedent is in conflict with *Blakely v. Washington*, 542 U.S. 296, 313, 124 S. Ct. 2531, 2543 (2004), which, he asserts, held that every fact "legally essential to punishment" must be proved beyond a reasonable doubt. After careful review, we affirm.[1]

The Constitution guarantees defendants the right to be tried in the state and district where the crime was committed. U.S. Const. art. III, § 2, cl. 3; U.S. Const. amend. VI; *see also* Fed. R. Crim. P. 18 ("Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed."). An offense committed in more than one district may be "prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a). "In a conspiracy case, venue is proper in any district where an overt act was committed in furtherance of the conspiracy[,]" even if the act was not committed by the particular defendant. *United States v. Smith*,

---

[1] We review *de novo* the legal correctness of a jury instruction. *United States v. Prather*, 205 F.3d 1265, 1270 (11th Cir. 2000).

918 F.2d 1551, 1557 (11th Cir. 1990). Here, the government contends that venue in the Middle District of Alabama was proper because co-conspirators took overt acts in furtherance of the conspiracy in the Middle District.

Among its burdens at trial, the government generally must prove venue. *United States v. Snipes*, 611 F.3d 855, 866 (11th Cir. 2010). But, as Crane acknowledges, our precedent does not require the government to prove venue beyond a reasonable doubt. *See, e.g.*, *United States v. Stickle*, 454 F.3d 1265, 1271 (11th Cir. 2006) ("It has long been settled that when the government is proving a non-essential element of a crime, like venue, the prosecution is not required to meet the reasonable doubt standard."). Instead, the government must prove venue by a preponderance of the evidence only. *Id.*; *see also United States v. De La Cruz Suarez*, 601 F.3d 1202, 1217 (11th Cir. 2010) ("For purposes of venue, the government must prove by a preponderance of the evidence that the crimes occurred within the district of trial."); *Smith*, 918 F.2d at 1564 ("The government must support its choice of venue only by a preponderance of the evidence." (internal quotation marks omitted)); *United States v. Rivamonte*, 666 F.2d 515, 517 (11th Cir. 1982).

Crane contends that our precedent requiring proof of venue by a preponderance of the evidence only conflicts with the Supreme Court's holding in *Blakely*. The Court in *Blakely* held that a state trial court violated the defendant's

3

constitutional rights by increasing his sentence, above the maximum applicable to the facts to which he admitted in his guilty plea, based upon the trial court's own finding that the crime involved 'deliberate cruelty.'" *Blakely*, 542 U.S. at 304-05, 124 S. Ct. at 2537-38. In reaching that result, the Court applied the rule of *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 2362-63 (2000): "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Crane relies on the following statement from *Blakely*: "As *Apprendi* held, every defendant has the *right* to insist that the prosecutor prove to a jury all facts legally essential to the punishment." *Blakely*, 542 U.S. at 313, 124 S. Ct. at 1543 (emphasis in original).

Crane's position is that venue is such a fact "legally essential to the punishment," which requires proof beyond a reasonable doubt. Our precedent holds otherwise. Though we have stated that venue is an "essential element" of an offense "in the sense that the burden is on the prosecution to prove its existence," *United States v. White*, 611 F.2d 531, 536 (5th Cir. 1980)[2], we have treated venue as a "non-essential element of a crime" that does not require proof beyond a reasonable doubt, *Stickle*, 454 F.3d at 1271. *Cf. In re Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 1073 (1970) ("[T]he Due Process Clause protects the accused

---

[2] This Court adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

4

against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."). Venue has no direct bearing on a defendant's guilt or innocence of an offense, *see Haney v. Burgess*, 799 F.2d 661, 663 (11th Cir. 1986), or the length of the sentence that may lawfully be imposed.

Under the prior-precedent rule, we are bound by a prior panel's holding "unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or this court sitting *en banc*." *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008). No *en banc* decision is applicable. Where an appellant relies on a Supreme Court decision to evade the prior-precedent rule, the proffered decision must be "squarely on point" and must "actually abrogate or directly conflict with, as opposed to merely weaken, the holding of the prior panel." *United States v. Kaley*, 579 F.3d 1246, 1255 (11th Cir. 2009).

*Blakely* is not "squarely on point," as Crane admits[3], nor does it "actually abrogate or directly conflict with" our long-standing precedent. *See id.* The Supreme Court's decision in *Blakely* did not in any way address venue, nor did *Apprendi* before it. Rather, both cases addressed "sentencing scheme[s] that allow[] a judge to impose a sentence above the statutory maximum based on a fact,

---

[3] Acknowledging that *Blakely* "may not be clearly on point," Crane has filed a petition for initial hearing *en banc*, *see* Fed. R. App. P. 35, which has been denied by separate order.

other than a prior conviction, not found by a jury or admitted by the defendant." *Cunningham v. California*, 549 U.S. 270, 274-75, 127 S. Ct. 856, 860 (2007).  No similar sentencing scheme is at issue here.

In any case, our 2006 decision in *Stickle*—reaffirming our precedent that proof of venue beyond a reasonable doubt is not required—was issued two years after the Supreme Court's decision in *Blakely*.  Thus, even if we were convinced (which, to be clear, we are not) that the prior panel reached an incorrect result because it overlooked *Blakely*, we still would be bound by *Stickle*.  *See Smith v. GTE Corp.*, 236 F.3d 1292, 1303 (11th Cir. 2001) (categorically rejecting "any exception to the prior panel precedent rule based upon a perceived defect in the prior panel's reasoning or analysis as it relates to the law in existence at that time"); *see also United States v. Steele*, 147 F.3d 1316, 1317-18 (11th Cir. 1998) (*en banc*) ("Under our prior precedent rule, a panel cannot overrule a prior one's holding even though convinced it is wrong.").

Consequently, the district court did not err by instructing the jury that the prosecution must prove venue by a preponderance of the evidence.  *See Stickle*, 454 F.3d at 1271-72.  We affirm Crane's conviction.

**AFFIRMED**.